SCHWARTZ, APPELLANT, v. CAPITAL SAVINGS & LOAN
COMPANY, APPELLEE.

(No. 77AP-813—Decided February 28, 1978.)

*Messrs. Milligan & Milligan* and *Mr. Myron Schwartz,*
for appellant.

*Messrs. Topper, Alloway, Goodman, DeLeone & Duffey,* and *Mr. Joel H. Mirman,* for appellee.

WHITESIDE, J. Plaintiff appeals from a judgment of the Franklin County Court of Common Pleas dismissing his amended complaint for failure to state a claim for relief.

Plaintiff's amended complaint alleges that on four occasions (July 2, 1974, April 1, 1975, April 1, 1975, and March 1, 1976), defendant "falsely and fraudulently represented in a public notice published in the Daily Reporter" that four different mobile homes would be offered for sale at public auction to the highest bidder on a specified date and with a stipulated minimum price. The amended complaint further alleges that:

"5. In reliance upon said representations, Plaintiff attended each of the above sales at the time and place stated in the published notice and offered to purchase the goods at the minimum price. Each time Plaintiff was informed that there was no public auction to be held and that the goods would not be sold to Plaintiff.

"6. Notwithstanding that Defendant held no auction,

Defendant fraudulently stated in its records that there was a public sale of such collateral on the date indicated in the published notice and that Defendant purchased said collateral at the minimum bid price set forth in the published notice. Defendant subsequently resold the collateral at a price much higher than the minimum bid price.

"7. Defendant had no intention of holding a public auction of the goods described in said public notices and said notices were part of a fraudulent scheme perpetrated by Defendant on the owners of said collateral and the public, in violation of Section 1309.47, Revised Code, and Section 1317.16, Revised Code.

"8. In reliance upon the misrepresentations of Defendant, Plaintiff incurred traveling expenses and loss of time in attending said falsely advertised auctions. In addition, Plaintiff was damaged in the amount of the difference between the minimum price advertised and the market value of the goods, or the price at which such goods were resold by Defendant, all to his damage in the amount of $25,000.00."

In its answer, defendant admitted the publication of the public notices of the respective auctions and that: "* * * its records show that it purchased the collateral on the date set forth in the published notice for sale, that in each case, Defendant purchased the collateral for the minimum bid price, in each case, Defendant subsequently resold the collateral for a higher price than the minimum bid price, and in each such case, the debtor was given credit on his account for the additional funds derived by said subsequent sale. * * *" Defendant denied the remaining allegations of the complaint and set forth some seven additional defenses.

Thereafter, defendant filed a motion for summary judgment, submitted only on the pleadings, which was overruled by the trial court. The case was then apparently set for trial and transferred to a different judge of the trial court. The second defense of the answer asserted that the complaint failed to state a claim upon which relief could be granted. The trial court, inconsistently with the

prior ruling upon the motion for summary judgment, sustained this motion upon the bases that the complaint failed to state a claim upon which relief could be granted against the defendant and that plaintiff was not a real party in interest.

Defendant has relied primarily upon cases which state the rule set forth in R. C. 1302.41(C), with respect to auctions, that:

"Such a sale is with reserve unless the goods are in explicit terms put up without reserve. In an auction with reserve the auctioneer may withdraw the goods at any time until he announces completion of the sale. * * *"

However, R. C. 1301.09 provides that:

"Every contract or duty within Chapters 1301., 1302., 1303., 1304., 1305., 1306., 1307., 1308., and 1309. of the Revised Code, imposes an obligation of good faith in its performance or enforcement."

"Good faith" is defined by R. C. 1301.01(S), as follows: " 'Good faith' means honesty in fact in the conduct or transaction concerned."

The issue herein is not whether or not one acting in good faith may withdraw from sale an article publicly advertised to be sold at auction. Such a right clearly exists, and no liability attaches for the exercise thereof. See Annotation, 37 A. L. R. 2d 1049. Construing the complaint most favorably to plaintiff, it alleges that defendant advertised that certain mobile homes would be sold at auction but with no intent to allow anyone, other than itself, to bid or to purchase the mobile home and, in furtherance of that scheme, prevented plaintiff from bidding at the auction by informing him that the auction would not be held and that the goods would not be sold. From the complaint, it is possible either that the auction was never held but that defendant later falsely certified that it had been held, or in fact held the auction at which it purchased the mobile homes in question but prevented others from bidding by falsely telling them that the auction would not be held. R. C. 1309.47 places limitations upon the purchase by defendant, as a secured party, of collateral other than at a

public sale, specifically stating that: "* * * The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale."

Inasmuch as competitive bidding is the essence of an auction sale, such sale must be conducted openly and fairly with full and free opportunity for competition among all prospective bidders. Conduct or artifice which has as both its purpose and effect to stifle fair competition and chill, or eliminate, the bidding is against public policy. As stated in 7 American Jurisprudence 2d 246, Auctions and Auctioneers, Section 28:

"Generally speaking, any conduct, artifice, agreement, or combination, the purpose and effect of which is to stifle fair competition and chill the bidding, is against public policy and will cause the sale to be set aside. * * *"

The complaint alleges that defendant took steps to stifle, or eliminate, bidding by anyone other than itself at a purported public sale. Although if evidence were adduced defendant might well be proved to be innocent of any wrongdoing, at this stage we must accept the allegations of the complaint as being true, and they do allege wrongdoing on the part of defendant in conducting a fraudulent scheme, whereby it, as a secured party, could purchase collateral at the minimum price under the guise of a public sale. Such conduct is against public policy and is unlawful.

Defendant points out that, in order to maintain an action for fraud, five elements must exist: (1) a false representation; (2) knowledge of the falsity on the part of the person making the representation; (3) intent to mislead others in relying upon the representation; (4) reliance, with a right to do so, upon the misrepresentation by the party claiming injury; and (5) injury resulting from that reliance.

A person responding to an advertisement that an auction sale will be held has a right to rely upon the representations made therein and that the advertisement is

made in good faith subject only to the right of the person conducting the sale in the exercise of good faith to withdraw the article from sale or to cancel the auction. The amended complaint specifically alleges that the public notices were made falsely and fraudulently. This negates any good-faith exercise of either the right to withdraw an article from sale or to cancel the auction sale. In short, a person responding to a public notice that an auction sale will be held has a right to rely upon the publication as being made in good faith.

As damages, or injury, defendant alleges that he incurred traveling expenses, loss of time, and loss of potential bargain. Although it may be difficult to prove that any of these items of damages proximately resulted from defendant's alleged fraud, the amended complaint does state a claim for relief, which includes all of the elements of an action for fraud. The evidence, when it is adduced, may well prove to the contrary, but, at this stage of the case, the complaint must be construed most strongly in favor of plaintiff, and all doubt resolved in his favor. Accordingly, the trial court erred in sustaining defendant's second defense that the amended complaint failed to state a claim for relief against defendant after properly overruling defendant's motion for summary judgment, predicated upon essentially the same grounds. The assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

REILLY and McCORMAC, JJ., concur.