DELL, APPELLEE, *v.* BRADBURN, APPELLANT.

(No. 80AP-747—Decided June 4, 1981.)

*Mr. Robert E. Branhan,* for appellee.
*Mr. David C. O'Connor,* for appellant.

STRAUSBAUGH, P.J. This is an appeal by defendant-appellant, Marjorie H. Bradburn, of a judgment of the common pleas court granting plaintiff-appellee, Gary Dell, an order of specific performance of a real estate purchase contract.

Appellant is the owner of a residence and an adjacent building located at 548 and 556 Mohawk Street in Columbus, Ohio. In January and February 1979 appellant listed said property for sale with a real estate salesperson, Peggy Chapa. After inspecting said property appellee contacted said salesperson and on February 6, 1979 prepared a written offer to purchase said property, which was forwarded by Ms. Chapa to appellant who was then living in Key West, Florida. Appellant, with the advice of counsel, amended appellee's offer, signed it and mailed it to Ms. Chapa. On or about March 11, 1979 appellee reviewed appellant's counteroffer and accepted its terms. Appellant was notified of appellee's acceptance of the terms of the contract by the real estate salesperson.

Upon acceptance of appellant's counteroffer, appellee pursued several alternatives to financing the purchase of the property. At the time at which appellee agreed to appellant's counteroffer, appellee intended to pay the initial down payment of $10,000 from a mutual fund and enter into a land contract with seller. However, upon investigation, appellee discovered that borrowing either the $10,000 down payment or the $50,000 purchase price from the Huntington National Bank was possible. Although it is unclear, the record indicates that appellee is co-beneficiary of a trust established by appellee's father with Huntington National Bank as trustee. The assets of said trust were to be distributed within nine years of the date of the agreement to purchase the property.

Appellee then attempted to arrange a closing for the sale of said property whereby appellee would pay the total contract price of $50,000 rather than enter into a land contract with appellant. Appellant refused to complete the transfer of the property under any other circumstances in which appellee did not enter into a land contract with appellant. The sale of the property between the parties never took place and appellee filed a complaint in common pleas court asking for specific performance and damages. The trial court, in ordering specific performance of the contract, adopted the recommendation of a referee without objections being filed by either party.

In the appeal of the decision of the trial court, appellant raises the following two assignments of error:

"1. The trial court erred in granting specific performance because plaintiff [appellee] did not tender performance.

"2. The trial court erred in granting specific performance because the real

estate contract was not certain in its terms."

In support of the first assignment of error, appellant contends that the trial court erred in ordering specific performance of the real estate purchase contract when appellee did not tender performance in accordance with the terms of said contract. Appellant argues that the transfer of the property was *only* to take place upon the parties entering into a land contract according to the terms of the purchase contract. We disagree.

When a party seeks specific performance of a contract, there must be proof of an existing, binding agreement between the parties. *Bretz* v. *Union Central Life Ins. Co.* (1938), 134 Ohio St. 171 [11 O.O. 587]. There can be no question that in this case an agreement between the parties came into existence when appellee accepted and initialed the terms of appellant's counteroffer and when this fact was communicated to appellant. The contract term, which is the center of this dispute, reads as follows:

"The seller to accept a land contract for 80% of the purchase price [$50,000] to be paid in monthly installments amortized on a thirty year schedule for a period of ten years with a balloon payment at the end of ten years with right to prepay without penalty."

The above language is clear and requires no interpretation by a trier of fact. By virtue of said language appellee reserved the right to pay the full amount of the purchase price at any time without penalty. We cannot construe said language to mean, as appellant argues, that the transfer of said property can only take place if the property is financed through a land contract. With such clear language, we find that there was an existing, enforceable contract that could properly serve as a basis for the trial court to order appellant to tender a warranty deed upon the simultaneous tender of $50,000 by appellee.

It should also be noted that any attempt by either party to seek an order enforcing the agreement to enter into a land contract would have failed by virtue of the absence of a clear definition in the purchase agreement of the interest rate and monthly payment. Clearly, a trial court cannot enforce an agreement where such vital and important terms are left out of the agreement.

As this court stated in the recent case of this court, *Tighe* v. *Wilson* (1980), 68 Ohio App. 2d 113, 116 [22 O.O.3d 133], the elements to be proved by one seeking specific performance are found in the second paragraph of the syllabus in *George Wiedemann Brewing Co.* v. *Maxwell* (1908), 78 Ohio St. 54, which states as follows:

"The general rule is that a party seeking specific performance of a contract must show performance on his part, yet there are clearly defined exceptions and one of them is that when the other party repudiates and makes it certain that he does not intend under any circumstances to comply, a showing of readiness and ability on the part of the complaining party to then and there perform his part communicated to the other party and accompanied with a demand of compliance by such other party, is sufficient compliance without an actual formal tender."

A review of the record in this case allows us to conclude that appellee properly tendered performance by virtue of the letter sent by an attorney on behalf of appellee to appellant demanding that the property be conveyed to appellee within fifteen days pursuant to the terms of the purchase contract. This letter followed letters from appellant through her attorney in Florida which indicated that, absent a land contract between the parties, there would be no transfer of the property. In light of the above, we find that appellant's first assignment of error is not well taken and is overruled.

Based on the above discussion, we find that appellant's second assignment of error has no merit. The language of the

real estate purchase agreement as to the ability of appellee to pay the purchase price at the closing is unambiguous and capable of serving as a basis for an order of specific performance by the trial court. Appellant's second assignment of error is not well taken and is overruled.

Despite the previous discussion on the merits, the judgment of the trial court is reversed and remanded with instructions to enter a judgment in accordance with Civ. R. 54(A). As it now stands, the judgment entry upon which this appeal is based merely "enters judgment in favor of said Plaintiff [appellee] at the cost of the Defendant [appellant]." The language of the recommendation of the referee, which was adopted by the trial court, also lacks specificity and definiteness as it recommends only that a writ of specific performance be granted. In order to comply with Civ. R. 54(A), the judgment entry should reflect that appellant is ordered to deliver a warranty deed upon the tender by appellee of $50,000.

Based on the foregoing, the judgment of the trial court is reversed and remanded with instructions to amend the judgment entry.

*Judgment reversed
and case remanded.*

McCORMAC and NORRIS, JJ., concur.