LEY INDUSTRIES, INC., Appellee,

v.

CHARLESTON AUCTIONEERS et al., Appellees;

Bowers, Appellant.

[Cite as *Ley Industries, Inc. v. Charleston Auctioneers* (1991), 77 Ohio App.3d 727.]

Court of Appeals of Ohio,
Van Wert County.

No. 15–91–4.

Decided Oct. 16, 1991.

*Allen Runser*, for appellee Ley Industries, Inc.

*Kevin H. Taylor*, for appellee Charleston Auctioneers and ERA Cagnet Will Sell, Inc.

*Ronald H. Miller*, for appellant.

EVANS, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Van Wert County granting summary judgment to the plaintiff, Ley Industries, Inc., and to two defendant/counter-complainants, Charleston Auctioneers and ERA Cagnet Will Sell, Inc., and dismissing interpled defendant Sumner Bowers' ("appellant") cross-claim and counterclaim.

This action arises from the sale by public auction of a business property owned by appellee Ley Industries, Inc. The auction was organized and conducted by appellee Charleston Auctioneers, with appellee ERA Cagnet Will Sell, Inc. ("ERA Cagnet") serving as the real estate broker for the sale. Appellant became aware of the property's availability when he received a three-page flier describing the location, features, and condition of the property. The flier also announced the location and date of the auction, the terms of sale, and other "important information," including a disclaimer of liability for incorrect information or unknown defects, and extended an invitation to inspect and pre-view the property.

The auction, without reserve, was held as scheduled on December 14, 1989. Appellant was the high bidder at the auction; his bid was accepted by Charleston Auctioneers, agent for Ley Industries. The parties then, with the assistance of an agent of ERA Cagnet, completed the seller's standard form "Agreement to Purchase Real Estate." Presumably, this form was completed in order to satisfy the terms of sale presented in the auction advertisement, which read:

"The high bidder, with the assistance of Charleston Auctioneers, will submit a written offer in a form acceptable to the seller."

During the preparation of the form "Agreement," appellant requested inclusion of the following condition: "Sold as is except for E.P.A. inspection." There was no accompanying discussion as to the implications of that statement, and no agreement as to the effects of an unfavorable report. Appellant deposited $36,250 with Charleston Auctioneers as a down payment on the property, as required by the advertisement's "terms of sale." Although the pre-printed sales form, filled out by the seller's agent at the conclusion of the auction, proclaims that the five percent earnest money deposit is intended to be forfeited upon default of the buyer, the auction advertisement was silent as to any forfeit or refund.

Appellant refused to close on the scheduled date, explaining that the inspection report he had received cited three potential environmental problems with the property. Appellant did not request any extension of time to further investigate the inspector's recommendations, but simply claimed that the contract was voidable because of the "failed" condition. Both Ley Industries and appellant made demands on the auctioneer for surrender of the $36,250 deposit. Charleston Auctioneers, unsure as to the rights of the parties involved, retained possession of the earnest money deposit.

This action was initiated when Ley Industries filed a complaint against Charleston Auctioneers and ERA Cagnet demanding the deposit money, and a motion requesting that the court take control of the money at issue pending determination of the parties' rights. Meanwhile, Bowers filed a motion to intervene in the lawsuit, along with an "answer," maintaining that his right to the deposit money was superior to that of any other claimants. The court eventually denied appellant's motion to intervene. However, in the interim, Charleston Auctioneers had filed a counterclaim against Ley Industries and cross-claim against Bowers, claiming it was owed a portion of the deposit money, for services rendered. The interpled defendant, Bowers, then filed an answer to the cross-claim, and filed his own cross-claim against Charleston Auctioneers and ERA Cagnet, and a counterclaim against plaintiff, Ley Industries. After the parties had all filed the appropriate answers and replies to the relevant claims, Ley Industries, the original plaintiff in the action, filed an amended complaint against Charleston Auctioneers and ERA Cagnet for interest and expenses, and a motion for summary judgment against Bowers, opposing his counterclaim. Following Bowers' response to plaintiff's motion, the remaining two parties in the action, Charleston Auctioneers and ERA Cagnet, joined in filing a motion for summary judgment supporting Ley Industries' motion and argument against Bowers.

On September 19, 1990, the court rendered its decision granting all the pending motions for summary judgment against Bowers. The court at the same time dismissed Bowers' cross-claims and counterclaim against the other three parties.

On October 5, 1990, Ley Industries filed for summary judgment against Charleston Auctioneers and ERA Cagnet. Ten days later, Bowers appealed the September 19 decision to this court. While that appeal was pending, Charleston Auctioneers and ERA Cagnet moved the court for summary judgment against Ley Industries. On December 4, 1990, this court dismissed Bowers' appeal for want of a final appealable order, since the trial court's judgment entry failed to conform with the requirements of Civ.R. 54(B).

On February 8, 1991, the trial court issued its final order in this case, granting Charleston Auctioneers' and ERA Cagnet's motion for summary judgment and denying Ley Industries' motion requesting interest and expenses. The order also specified the proper distribution of the earnest money deposit between the three parties. Bowers, who failed to participate in either of the final summary judgment arguments, was ordered to pay costs. On February 19, 1991, Bowers again appealed the judgment of September 19, 1990, which became final with the issuance of the February 8, 1991 judgment.

Appellant has advanced only one assignment of error for his appeal:

"The trial court committed error prejudicial to the appellant in determining there were no material facts in dispute as between the parties and proceeding to rule on the law in this case."

All parties to this action asserted some claim to the earnest money appellant deposited with the auctioneer. However, the only issue properly before us is whether or not Bowers has a right to recover any part of the money he deposited with Charleston Auctioneers. Appellant contends throughout his appeal that because of the "contingency" he himself inserted into the "agreement," he retained a right to void the contract, and is entitled to the return of the earnest money.

 Although the trial court made a valiant effort to ascertain the parties' intent as to certain provisions in the real estate "agreement," we conclude that those terms need not be considered when determining the rights of the parties herein. In an auction sale of real estate, the general rules of auction sales apply. The "offer" and "acceptance" that constitute essential elements of a valid contract are represented by the auction buyer's bid, and the auctioneer's "fall of the hammer." The terms of the contract are understood to be those presented in the solicitations for bids published in the relevant advertisement or legal notice prior to the auction, or as modified by the auctioneer before bids are submitted. Thus, appellant, the bidder in this case, made his offer to contract on the terms that were set forth in the advertisement he received. Restatement of the Law 2d, Contracts (1981), Section 28(2). When the auctioneer accepts a bid as an agent of the seller, the contract is at that time formed. See *Hadley v. Clinton Cty. Importing Co.* (1862), 13 Ohio St. 502, 505.

 In an auction sale of real estate the contract must comport with the Statute of Frauds. Accordingly, the legal notice or advertisement, containing the description of the property and the other relevant terms of sale, along with the buyer's bid presented in written form, would constitute the parties' contract. Neither buyer nor seller has authority to unilaterally introduce new

terms or conditions into the agreement after the contract is established, absent new or additional consideration for such modification.

Since we deem ineffectual the "contingency" concerning EPA inspection inserted into the "real estate agreement" between Ley Industries and appellant, we find appellant's argument for the ambiguity of the statement immaterial to a resolution of the issue to be decided herein. There are no material issues of fact to be determined. There does exist a valid contract between appellant and Ley Industries, effected at the auction sale, subject to the terms of sale of the advertisement admittedly relied on by appellant. The terms stipulate that:

"The real estate will be sold 'as is, where is,' based entirely on the personal inspection and/or opinion of the purchaser and without any warranty or guaranty of any kind."

The Ohio Supreme Court, in *Clinton, supra,* stated:

"It would be difficult to maintain that a purchaser at a public sale, who so far complies with its terms as to take the property and pay for it, asking no express warranty, could be permitted to show that he did not inform himself of what were the actual terms of the sale, and derive advantage from the want of full and accurate information." *Id.,* 13 Ohio St. at 505–506.

In light of the foregoing discussion, we conclude that appellant was or should have been aware of the terms he embraced in making his "offer" to contract, and that he had ample opportunity to inspect and evaluate the sale property prior to the auction. Appellant's excuse for his failure to perform the contract, "failure of condition," is invalid, since the condition pertaining to an EPA inspection never became part of the contract, due to lack of consideration for such modification. Appellant's own breach of the contract, along with his failure to present a valid defense for his repudiation, warrants his forfeiture of the earnest money deposit.

We agree with the trial court's ruling that the moving parties, Ley Industries, Charleston Auctioneers and ERA Cagnet, are entitled to judgment as a matter of law against appellant upon the cross-claims and counterclaims presented. The assignment of error is overruled. Therefore, having found no error prejudicial to the appellant herein in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.