BOWLING TRANSPORTATION, INC., Appellant,

v.

GREGG, d.b.a. Ned F. Gregg Realty, Appellee, et al.

[Cite as *Bowling Transp., Inc. v. Gregg* (1995), 103 Ohio App.3d 539.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S-94-010.

Decided May 19, 1995.

540

*Konrad Kuczak,* for appellant.

*Dean Henry,* for appellee.

SHERCK, Judge.

This appeal comes before us from a summary judgment issued by the Sandusky County Court of Common Pleas against a company which entered a bid at a real estate auction. Because we conclude that material issues of fact remain in dispute, we reverse the judgment of the trial court.

Appellant, Bowling Transportation, Inc., sued for damages allegedly incurred at a real estate auction conducted by appellee, auctioneer Ned F. Gregg, d.b.a. Ned F. Gregg Realty. Appellant alleged that appellee was negligent in the performance of his duties as an auctioneer. The following facts were presented by the parties in various pleadings, depositions, and a transcript of a videotape of the auction.

On December 5, 1992, Bill Bowling, as appellant's representative, attended the auction of the Hovis farm which, for the purposes of sale, had been divided into three parcels. Appellee conducted the auction using a method described as a "multi-parcel sale," in which potential buyers are permitted under specified conditions to bid on combinations of parcels. Appellant was the highest bidder on Parcel No. 3 and then, later during the auction, allegedly attempted to combine Parcel Nos. 1 and 3 into a single bid. However, after a discussion was held between appellee and appellant's representative, this combination of parcels was not bid. Appellant then bid an additional $2,500 on Parcel No. 3 to prevent another potential buyer from purchasing this parcel in combination with another parcel. Appellant claims that, at this point, its representative once again attempted to initiate bidding on the combination of Parcel Nos. 1 and 3. However, appellant asserts that appellee refused to permit the bid on the combination, thus changing the original terms of sale as explained at the auction's

start. Appellant further claims that the change in the terms of bidding constituted negligence on the part of appellee. As a result, appellant maintains that it was denied the right to purchase Parcel No. 1 and was required to pay an extra $2,500 to keep Parcel No. 3. Appellee counters appellant's assertions by stating in deposition testimony that he would have allowed appellant to enter a combined bid on Parcel Nos. 1 and 3 but that appellant failed to request the combination.

Appellee moved for summary judgment, arguing that the Statute of Frauds did not permit appellant's claims, that appellee owed no contractual duty to appellant, and that appellant did not comply with the terms of the auction as presented by appellee. Appellee essentially claimed that appellant's misunderstanding of the terms of the auction was the cause of appellant's failure to procure the desired parcel, rather than appellee's alleged negligence. In support of this motion, appellee attached his own affidavit stating only that appellant was not a successful bidder on Parcel No. 1 and that no written contracts for purchase were ever executed selling that parcel to appellant.

In response, appellant denied any misunderstanding on its part, maintaining that the real issue was whether appellee was negligent in the handling of the sale. In support of its reply in opposition, appellant attached an affidavit from Keith Bradley, another auctioneer. Among other averments, the affidavit stated that Bradley was "unclear of whether Ned Gregg's procedure for the Hovis auction was not to require the party combining the parcels to raise the bid." Appellant also attached a certified transcript of a videotape of the farm auction in question.

In response to appellant's reply, appellee claimed that the transcript was not authorized by Civ.R. 56(C) as proper for consideration by the trial court. Appellee again claimed that no genuine issue of material fact remained in dispute.

The trial court granted summary judgment to appellee on May 9, 1994, based on "the Memoranda filed by counsel, the pleadings, and evidence submitted pursuant to Civil Rule 56." Appellant now appeals that judgment, setting forth the following two assignments of error:

"Assignment of Error No. 1

"The trial court committed prejudicial error by granting summary judgment despite the evidence that appellee had failed to post appropriate and mandatory terms and conditions of sale at the sale premises.

"Assignment of Error No. 2

"The trial court committed prejudicial error by granting summary judgment for appellee despite overwhelming evidence that he had been negligent in the conduct of the sale of the property."

Because appellant makes the argument in both assignments of error that genuine issues of material fact concerning appellee's alleged negligence remain in dispute, we will address the assignments together.

The standard of review of a summary judgment is the same for both a trial court and an appellate court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Initially, the party requesting summary judgment bears the burden of delineating "the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. Once the moving party has met its burden, the nonmoving party bears a reciprocal burden to produce evidence on any element essential to his case for which he bears the burden of proof at trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274. The trial court shall then grant summary judgment if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).

The Supreme Court of Ohio has recognized the tort of negligent misrepresentation in a case involving an accountant in *Haddon View Invest. Co. v. Coopers & Lybrand* (1982), 70 Ohio St.2d 154, 24 O.O.3d 268, 436 N.E.2d 212. In that case, 70 Ohio St.2d at 156, 24 O.O.3d at 269, 436 N.E.2d at 215, at fn. 1, the court applied the elements found in 3 Restatement of the Law 2d, Torts (1977), 126–127, Section 552, which provides:

"(1) One who, in the course of [one's] business, profession or employment, or in any other transaction in which [one possesses] a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

"(2) * * * [T]he liability stated in Subsection (1) is limited to loss suffered

"(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

"(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction."

Since the *Haddon View* case, Ohio courts have applied this tort standard to other businesses or professions. *Merrill v. William E. Ward Ins.* (1993), 87 Ohio App.3d 583, 622 N.E.2d 743 (insurance agent liable for negligence to children of insured as intended beneficiaries for misinformation supplied to insured prior to his death); *Sindel v. Toledo Edison Co.* (1993), 87 Ohio App.3d 525, 622 N.E.2d 706 (customers permitted to bring an action for negligent misrepresentation against electric company to recover for an error in projection of electricity needed in new store location); *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgt., Inc.* (1993), 87 Ohio App.3d 613, 622 N.E.2d 1093 (tenant brought action for negligent misrepresentation because landlord induced tenant to forebear opportunity to lease space in other buildings).

We must now determine whether the tort of negligent misrepresentation applies to the conduct of appellee in conducting the farm auction. Ohio law is well settled that an auctioneer must conduct a sale openly and fairly, so as to provide "full and free * * * competition among all prospective bidders." *Schwartz v. Capital S. & L. Co.* (1978), 56 Ohio App.2d 83, 86, 10 O.O.3d 117, 118, 381 N.E.2d 957, 959. An auction for the sale of real estate is governed by contract principles. *Ley Indus., Inc. v. Charleston Auctioneers* (1991), 77 Ohio App.3d 727, 731, 603 N.E.2d 1037, 1040. "The terms of the contract are understood to be those presented in the solicitations for bids published in the relevant advertisement or legal notice prior to the auction, *or as modified by the auctioneer before bids are submitted.*" (Emphasis added.) *Id.* Moreover, a bidder attending an auction has a right to rely on the verbal representations of the auctioneer. *Pugh v. Chesseldine* (1841), 11 Ohio 109, 123; see, also, *Schwartz, supra.*

In the present case, appellant initially alleged in its complaint that appellee "attempted to solicit additional bids in [*sic*] contrary to the stated terms and conditions of the auction sale." Appellant further alleged that appellant relied on the representations made by appellee, that these representations constituted negligence, and, as a result, appellant suffered monetary damages. Therefore, appellant alleged that (1) appellee supplied false information to appellant pertaining to a business transaction, (2) in reliance on this information, appellant suffered pecuniary loss, and (3) appellee failed to exercise reasonable care or competence in obtaining or communicating the information. Accordingly, we conclude that appellant alleged sufficient facts to plead a claim of negligent misrepresentation against appellee.

■ In reviewing whether summary judgment was proper in this case, the first inquiry is whether genuine issues of material fact remained in dispute. While appellee's motion for summary judgment discussed the applicability of the Statute of Frauds to auctions, appellee's duty to the sellers, appellant's duty at the sale, and cases dealing with multi-parcel bidding, the motion failed to set forth undisputed facts demonstrating that appellee satisfied his duty to use reasonable care in conducting the sale. In his motion, appellee basically argued that, contrary to appellant's allegations of negligent misrepresentation, the depositions showed only appellant's lack of understanding of the terms of sale. Appellee's affidavit in support of his motion addressed the sole issue of whether appellant ever executed any contract to purchase Parcel No. 1. Further, appellee, in his deposition, asserted that appellant was permitted to continue bidding on the Parcel No. 1 and 3 combination. Appellee also contends that a transcript of a videotape of the auction submitted by appellant to rebut appellee's motion for summary judgment was not properly authenticated under Civ.R. 56.[1]

Appellant countered appellee's assertions by presenting the testimony of its agent, via deposition, that appellee changed the terms of sale by not allowing appellant to bid on the Parcel No. 1 and 3 combination after appellant's initial request to combine parcels. Appellant also maintained that the terms of sale were not posted in written form prior to the beginning of the sale.

Therefore, we conclude that the trial court improperly granted summary judgment because the record shows that genuine issues of material fact remained in dispute as to the clarity of the terms of sale, whether appellee changed the terms during the auction, and whether appellant was permitted to continue bidding on the parcel combination. Such disputed factual issues must be determined by the trier of fact based upon the weight of the evidence and credibility of the witnesses. See *Alarm Device Mfg. Co. v. Arnold Indus., Inc.* (1979), 65 Ohio App.2d 256, 263, 19 O.O.3d 241, 246, 417 N.E.2d 1284, 1289; *Swan v. Skeen* (1974), 40 Ohio App.2d 307, 309, 319 N.E.2d 221, 222. Accordingly, appellant's two assignments of error, therefore, are found well taken.

---

1. Appellee contends that the transcript of the videotape was not properly authenticated pursuant to Civ.R. 56 and should not have been considered by the trial court. Even if, technically, the transcript should have been verified by affidavit as to its authenticity, failure to follow this procedure is not prejudicial where the opposing party does not suggest that the documents involved are not authentic or that the result would be different if the documents were properly authenticated. See *Internatl. Bhd. of Elec. Workers v. Smith* (1992), 76 Ohio App.3d 652, 660, 602 N.E.2d 782, 786. Appellee's objections were not based on a lack of veracity or accuracy of the videotape, but merely concerned the lack of authentication. In fact, appellee's counsel refers to this videotape in support of appellee's defense during the deposition of appellant's representative, and appellant's proposed expert witness, another auctioneer, refers to it in his affidavit. Therefore, the trial court could have properly considered the transcript, since any error would not have been prejudicial in this case.

The judgment of the Sandusky County Court of Common Pleas is reversed, and the cause is remanded to the trial court for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

ABOOD, P.J., and MELVIN L. RESNICK, J., concur.