OPINION
On March 25, 1996, appellants, Michael and Donna Aho, listed their property for an auction sale with appellee Richard Baier. The auction took place on May 5, 1996 and the successful bidder was appellee Glen Scheetz. A purchase agreement was drawn up wherein appellee Scheetz agreed to pay appellants $79,500 for their property. The entire transaction was to be completed by June 18, 1996, or as soon as the title work was completed.
Appellee Scheetz and his wife, appellee Shirley Scheetz, sought financing. Appellees Scheetz received loan approval on or about June 5, 1996 however, the entire transaction was not completed by June 18, 1996. On June 19, 1996, appellants voided the purchase agreement.
On June 26, 1996, appellees Scheetz filed a complaint against appellants for specific performance or in the alternative, damages. On September 13, 1996, appellants filed an answer, counterclaim and third party claim against appellee Baier claiming they were not obligated nor liable under the purchase and listing agreements, and seeking transferral of the earnest money to them.
On October 9, 1996, appellee Baier filed an answer and counterclaim against appellants seeking his commission for the auction sale. On October 21, 1996, appellees filed an amended complaint. Appellee Baier filed an amended counterclaim on January 6, 1997 to include his advertising costs associated with the auction.
A bench trial was held August 15, 1997. By judgment entry filed August 21, 1997, the trial court granted appellees Scheetz specific performance, awarded appellees Scheetz attorney fees and found in favor of appellee Baier on its counterclaim.
Appellants filed this notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT'S FINDING THAT PLAINTIFF SHIRLEY SCHEETZ HAD A CONTRACT WITH DEFENDANT MICHAEL AHO IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND ITS JUDGMENT THEREON IS CONTRARY TO LAW.
II
 THE TRIAL COURT'S FINDING THAT PLAINTIFF GLEN T. SCHEETZ WAS READY, WILLING AND ABLE TO COMPLETE THE PURCHASE OF THE PROPERTY IN THIS CASE FROM THE DEFENDANTS, MICHAEL AND DONNA AHO ON JUNE 18, 1996, OR WITHIN A REASONABLE TIME THEREAFTER, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND ITS JUDGMENT THEREON IS CONTRARY TO LAW.
III
 THE TRIAL COURT'S JUDGMENT, AWARDING ATTORNEY FEES FROM THE AHOS TO PLAINTIFFS GLEN T. SCHEETZ AND SHIRLEY SCHEETZ IS CONTRARY TO LAW.
IV
 THE TRIAL COURT'S JUDGMENT FOR THIRD PARTY DEFENDANT, RICHARD J. BAIER, AGAINST DEFENDANTS MICHAEL AND DONNA AHO IS CONTRARY TO LAW.
 I
Appellants claim the trial court erred in granting judgment against them in favor of appellee Shirley Scheetz. We agree.
The sole signator to the purchase agreement and cognovit note was appellee Glen Scheetz. See, Plaintiff's Exhibits 2 and 3. Appellee Shirley Scheetz was not present at the auction or at the negotiation of the purchase agreement. T. at 87-88.
Although appellee Shirley Scheetz would have a dower interest upon the deeding of the property, that interest is not binding on the purchase agreement appellees Scheetz seek to enforce. The judgment for appellee Shirley Scheetz is vacated.
Assignment of Error I is granted.
 II
Appellants claim the trial court's decision that appellee Glenn Scheetz was ready, willing and able to complete the purchase of the property and was able to do so within a reasonable time was against the manifest weight of the evidence. We disagree.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610.
In order to secure financing, appellee Scheetz sought an FHA loan. Appellants argue conditions imposed by the FHA financing changed the terms of the purchase agreement and therefore they were not required to honor said agreement. In support, appellants cite the case of Ley Industries v. Charleston Auctioneers (1991),77 Ohio App.3d 727, 731-732:
 In an auction sale of real estate the contract must comport with the Statute of Frauds. Accordingly, the legal notice or advertisement, containing the description of the property and the other relevant terms of sale, along with the buyer's bid presented in written form, would constitute the parties' contract. Neither buyer nor seller has authority to unilaterally introduce new terms or conditions into the agreement after the contract is established, absent new or additional consideration for such modification.
Appellants argue the "FHA/VA Addendum to Sales Contract" (Defendant's Exhibit 1) significantly modified the purchase agreement and specifically cite the following provision:
 It is expressly agreed that notwithstanding any other provisions of this contract, the purchaser shall not incur any penalty by forfeiture of earnest money or otherwise or be obligated to complete the purchase of the property described herein, if the contract purchase price or cost exceeds the reasonable value of the property established by the Department of Veterans Affairs. The purchaser shall, however, have the privilege and option of proceeding with consummation of this contract without regard to the amount of the reasonable value established by the Department of Veterans Affairs.
Appellants also argue appellee Scheetz unilaterally decided to submit only ten percent earnest money in cash as opposed to the fifteen percent negotiated in the purchase agreement. In addition, appellants argue they were asked to unhook their water from the well water system and connect it to the Consumers Ohio Water Service as a requirement for the FHA financing. Appellants argue these three modifications were significant enough to void the purchase agreement. In support, appellants cite the case ofTighe v. Wilson (1980), 68 Ohio App.2d 113. Tighe involved a real estate sales contract which was contingent upon FHA financing and included a provision that time was of the essence. The Tighe
court at 116 held as follows:
 It is not the role of the courts to remake a contract which is clear and definite in its terms and which has been executed by parties thereto who were under no disability. Neither the public policy nor the contract law of this state requires a seller to materially change a real estate purchase contract because there is a so-called `FHA requirement' that the buyer, or the person upon whom the buyer relied for advice, neglected to add the FHA requirement to the original contract.
Although time was of the essence in the Tighe case, such was not an issue in the case sub judice. Appellant Michael Aho assured appellee Glen Scheetz on or about June 10, 1996 that there was no problem with the timing of the closing and there was "no hurry." T. at 39. Appellee Glen Scheetz testified he was prepared to close on June 19, 1996 after finding out appellants were not going to. T. at 40-41.
The FHA/VA Addendum was never signed by either party. See, Defendants' Exhibit 1. The earnest money amount, whether it was to be fifteen percent or ten percent, cash, check or note, was left to the discretion of the auctioneer, appellee Baier. See, Listing Agreement, Plaintiff's Exhibit 1. As for the water system change, appellee Scheetz understood it was his responsibility to pay for any charges based upon the terms of the auction (absolute). T. at 38.
Upon review, we find substantial evidence that appellee Scheetz had the ability and willingness to close devoid of the FHA requirements. Appellee Scheetz was in fact an able and willing purchaser of the property.
Assignment of Error II is denied.
 III
Appellants claim the trial court erred in awarding attorney fees. We disagree.
In their October 21, 1996 amended complaint at paragraph four, appellees Scheetz claimed "Plaintiffs have been damaged by Defendants' intentional breach of contract and have incurred title expenses to be determined." The attorney fees were alleged to be appellees Scheetz's compensatory damages as a result of appellants' breach of the purchase agreement.
Appellants argue the "American rule" does not permit the award of attorney fees absent statutory authority. "An exception to this rule arises when an opposing party has acted in bad faith." Brown v. Guarantee Title Trust/ARTA (August 28, 1996), Fairfield App. No. 94-41, unreported. When there is a finding of bad faith, attorney fees may be included in considering compensatory damages. Roberts v. Mason (1859), 10 Ohio St. 277. Compensatory damages are those damages that reflect the actual loss suffered by the aggrieved party. The object of compensatory damages is to make the aggrieved party whole. Lake Shore MRCo. v. Hutchins (1881), 37 Ohio St. 282.
By judgment entry filed August 21, 1997, the trial court specifically found appellants breached the purchase agreement and said breach was "intentional, willful, malicious and in bad faith."
Based upon the facts presented sub judice, we find the award of attorney fees not to be an abrogation of the "American rule," but an award of compensatory damages as a direct result of appellants' breach of the purchase agreement.
Assignment of Error III is denied.
 IV
Appellants claim the trial court's award of a commission to appellee Baier was against the manifest weight of the evidence. We disagree.
The listing agreement (Plaintiff's Exhibit 1), signed by appellants and appellee Baier, provided for a commission as follows:
 Seller agrees to pay Baier a commission of 5% plus ads of the total sale price of said property plus expenses upon the negotiation of a sale of said property either at the auction sale or at any time from the date of this agreement until sixty (60) days following the date fixed for the auction sale (`the sale period'), and said commission shall be due and payable by Seller to Baier whether or not said sale is negotiated by Baier or by anyone else during the `sale period'. Seller authorizes Baier to deduct said commissions (and any unreimbursed other costs) from the deposit it receives from Buyer, at the time of disbursement to Seller. Seller authorizes Baier to charge the Buyer a premium of -0-% of the bid, which sum represents a commission due to Baier.
Based upon this clear language, appellants are responsible to pay the commission regardless of the completion of the sale.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part. Judgment for Shirley Scheetz is vacated. Costs of this appeal to appellants.