OPINION
Defendants-appellants Mark and Cheryl Eckley appeal from a judgment of the trial court following a bench trial in favor of plaintiff-appellee Joseph A. Liotta arising from his claim that defendants defrauded him in the sale of a home alleged to have a leaky basement. Defendants claim that the trial court erred in not giving effect to plaintiff's purchase of the home in its "present physical condition"; that there was no proof of water leaking into the basement nor evidence of defendants' knowledge of a latent defect; and that the essential elements of fraud were not established. We agree and reverse and enter judgment for defendants.
The evidence at trial established that on February 10, 1996, the defendants completed the Residential Property Disclosure Form. In this form, defendants stated that they did not know of "any current water leakage, water accumulation, excess dampness or other defects" in the basement. Subsequently, on June 14, 1996, the parties entered into a Purchase Agreement pursuant to which plaintiff, as purchaser, agreed to purchase from defendants, as sellers, a single-family home located at 8915 South Hills Avenue, Garfield Hts., Ohio for the sum of $79,000. The Agreement was subject to certain terms and conditions including plaintiff's ability to obtain financing through an FHA loan. A closing of August 27, 1996 was specified. The defendants had owned the house for nearly seven years and used the basement for an office and as a children's recreation area.
The Purchase Agreement reflects that the property was sold "IN ITS PRESENT PHYSICAL CONDITION" and was also subject to plaintiff's option to have an "inspection within four days to approve or disapprove report at his own expense." Plaintiff had a private inspection performed by Mike Foster, a contractor, and on June 25, 1996, signed a removal of the inspection contingency. The City of Garfield Heights performed a point-of-sale inspection on May 23, 1996, and issued a report which specified various deficiencies in the property. The Certification of Inspection, dated August 21, 1996, issued by Garfield Heights, indicated plaintiff received a copy of the report and agreed to "correct the existing violations." This report made no mention of water in the basement. Plaintiff received a copy of the point-of-sale disclosure report. The FHA also inspected the home for appraisal purposes and approved the mortgage loan. Plaintiff admitted that he and his inspectors had unimpeded access to the home including the basement to conduct inspections or inquiries.
Upon moving into the property on August 27, 1996, plaintiff testified that he observed various cracks in the basement walls and a damp or moldy odor at one point in the basement. However, he did not see any water leaking through the basement walls or any standing water. Approximately seven months later, in March 1997, plaintiff hired Ohio State Home Services to inspect and waterproof the basement. Duane Martin of Ohio State testified that he was the working foreman on the waterproofing job at plaintiff's home. Martin testified that during his initial inspection, there was no water in the basement until he drilled test holes in the basement floor with a jackhammer. Martin also discovered a broken down spout after opening up the driveway and digging down two feet.
Following a one-day trial to the bench, the trial court found for the plaintiff and awarded $6,920 in compensatory damages and $500 in punitive damages. The court did not make any specific findings or give any explanation of its judgment except that it found that plaintiff met his burden. (Tr. at 103).
We will address defendants' two assignments of error together for ease of discussion.
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO GRANT DEFENDANT/APPELLANT'S MOTION FOR JUDGMENT AND GRANTED JUDGMENT FOR PLAINTIFF/APPELLEE EVEN THOUGH PLAINTIFF/ APPELLEE COULD NOT PROVE THAT THERE WAS WATER LEAKING INTO THE BASEMENT AND WHEN THE PURCHASE AGREEMENT SHOWS THAT PLAINTIFF/APPELLEE PURCHASED THE SUBJECT PROPERTY IN ITS "PRESENT PHYSICAL CONDITION."
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT AWARDED COMPENSATORY AND PUNITIVE DAMAGES TO PLAINTIFF/APPELLEE BASED ON A HIDDEN LATENT DEFECT AND FOR FRAUDULENT NON-DISCLOSURE WHEN PLAINTIFF/APPELLEE DID NOT PROVE THAT DEFENDANT/APPELLANT'S KNEW OF ANY LATENT DEFECT AND DID NOT PROVE FRAUD AT TRIAL.
We find that the disposition of this appeal is governed by our analysis in the recent case of Eiland v. Coldwell Banker HunterRealty (1997), 122 Ohio App.3d 446, 457, where we described the essential elements applicable to a claim of fraudulent concealment in the sale of a home. There we stated as follows:
 An action in common-law civil fraud has five essential elements: (1) a material false representation or a concealment; (2) knowingly made or concealed; (3) with the intent of misleading another into relying upon it; (4) reliance, with a right to rely, upon the representation or concealment by the party claiming injury; and (5) injury resulting from the reliance. Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55; Finomore v. Epstein (1984), 18 Ohio App.3d 88, 90; Schwartz v. Capitol S L Co. (1978), 56 Ohio App.2d 83, 86.
 The doctrine of caveat emptor continues to apply as the Ohio Supreme Court noted in Layman v. Binns
(1988), 35 Ohio St.3d 176, syllabus:
 "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where: (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor."
 If a purchase agreement states that the buyer purchases real property in its "as is" physical condition, as it does here, the vendor has no duty to disclose latent defects. Vecchio v. Kehn (Aug. 18, 1994), Cuyahoga App. No. 66067, unreported at 8; Kossutich v. Krann (Aug. 16, 1990), Cuyahoga App. No. 57255, unreported at 4-5; Kaye v. Buehrle
(1983), 8 Ohio App.3d 381, 383. An "as is" disclaimer clause in a real estate purchase agreement bars suit for passive non-disclosure, but does not protect a seller from action alleging positive misrepresentation or concealment. Vecchio; Kossutich, supra. Where a purchase agreement clearly indicates that the property is purchased "as is," a purchaser may not bring a claim for fraudulent non-disclosure for alleged water problems in the basement. Gagne v. Jack (March 7, 1991), Cuyahoga App. No. 58141, unreported.
Furthermore, it has been stated that the terms "as is" and "in its present condition" are synonymous. Arbor Vil. Condo. Assn. v.Arbor Village (1994), 95 Ohio App.3d 499, 511, citing Vilk v.Radley (Aug. 18, 1989), Lake App. No. 13-087, unreported.
In the instant case, the Purchase Agreement signed by both parties states that "[t]his property is being purchased in its present physical condition, the same having been examined by PURCHASER." As discussed above, this language negates defendants' duty to disclose latent defects in the home. However, even though there is no duty to disclose, defendants are not protected from a positive misrepresentation or concealment of such latent defects.Kossutich v. Krann (Aug. 19, 1990), Cuyahoga App. No. 57255, unreported; Eiland, supra, at 457.
We find that there was no evidence that defendants had experienced, or were aware, of any water problems in the basement. Defendants Mark and Cheryl Eckley disclosed on the Residential Property Disclosure Form dated February 10, 1996, that they did not know "of any current water leakage, water accumulation, excess dampness or other defects in the basement/crawl space." They also both testified that they never had any problems in the basement with water seepage, water accumulation, mildew or moisture. Defendants further testified that they used the basement for Mark's commercial art office, as a play area for the children and for storage without any incidence of water problems.
Plaintiff similarly testified that he did not notice any water problems in the basement at the time of his inspection and had no reason to believe that there were water problems in the basement. In fact, after a forty-five minute inspection of the home including the basement, plaintiff's inspector reported only that "[e]verything seemed fine with him." Plaintiff and his expert, Duane Martin, from the waterproofing company, further acknowledged that when they first went into the house to do an initial waterproofing inspection, there were no signs of water coming through the cracks in the basement walls. Martin testified that he did not find any water inside the basement and that he did not find water until he drilled through the basement floor with a jackhammer.
We must also note that two other examinations of the home were conducted prior to the closing without revealing any water problem in the basement. The record reflects that on May 23, 1996, a point-of-sale inspection was done by the City of Garfield Heights. The report from this inspection revealed several violations without any mention of water problems or damage in the basement. The record further reflects that FHA completed an Appraisal Addendum detailing repair work to be performed by the seller prior to closing. The "Drainage, Foundation, Basement/Crawl Space" section of this Addendum also failed to reveal any water damage or problems.
Nowhere in the record do we find evidence that defendants were aware of any latent defect in the form of a leaky basement or other water damage nor that they made any representations or misrepresentations about the soundness of the basement. The evidence presented at trial establishes that nobody, including defendants, had any knowledge of a water problem in the basement. Accordingly, we find that there was insufficient evidence, as a matter of law, to support a finding that the defendants engaged in fraudulent concealment of a known defect prior to the transfer of the residence from the defendants to the plaintiff.
Even if plaintiff could establish defendants' knowledge and misrepresentation of a water problem, his claim still fails due to his inability to show justifiable reliance on the misrepresentation or concealment. "A buyer cannot be said to have justifiably relied upon representations made by the seller where the purchase agreement is clearly contingent upon the inspection rather than any alleged representations." Massa v. Genco (Mar. 1, 1991), Lake App. No. 89-L-14-162, unreported. One who seeks damages for fraudulent concealment must establish justifiable reliance on the concealed defect. Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54,55.
In the instant case, no such reliance was shown because plaintiff independently exercised his option to inspect the property. Belluardo v. Blankenship (June 4, 1998), Cuyahoga App. No. 72601, unreported. Plaintiff hired a construction worker to perform the inspection on the home. Furthermore, the Purchase Agreement specifically states that the agreement is subject to plaintiff's option to "have an inspection within 4 days to approve or disapprove report at his own expense." Based on these facts, we find that there is no evidence that plaintiff relied on any misrepresentation made by defendants as the Purchase Agreement clearly reflects that the sale was contingent only on the completion of an inspection that was acceptable to plaintiff. Therefore, we cannot conclude that there was sufficient evidence to establish the requisite elements of fraudulent misrepresentation.
Defendants' Assignment of Error I and II are sustained. Judgment for plaintiff is reversed; judgment is hereby entered for defendants.
It is ordered that appellants recover of appellee their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, P.J., and JAMES D. SWEENEY, J., CONCUR.