{¶ 36} I concur with the majority's decision affirming the judgment of the trial court which granted summary judgment in favor the defendants-appellees for the Duman's claims involving the bathroom plumbing.
{¶ 37} I respectfully dissent, however, from the majority opinion regarding the Duman's claims involving the basement. It is clear from ade novo review of the record that the Dumans had notice of the defective condition and, therefore, could not justifiably rely upon the misrepresentations made by the defendants-appellees.
{¶ 38} The Dumans purchased their home in its "as is" physical condition. The doctrine of caveat emptor precludes recovery in the instant case where the structural defect was in fact discovered upon reasonable inspection. Thus, in order to recover, the Dumans must prove fraud on the part of defendants-appellees. However, the Dumans are unable to establish each element of a fraud claim. See Layman v. Binns (1988),35 Ohio St.3d 176, 519 N.E.2d 642, at syllabus.
 {¶ 39} An action for fraud may be grounded upon failure to fully disclose facts of a material nature where there exists a duty to speak * * * This court has held that a vendor has a duty to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection.
{¶ 40} Layman v. Binns, at 178.
{¶ 41} The majority correctly states the law but then proceeds to misapply it. In order to maintain a cause of action for fraudulent non-disclosure of a latent defect the Dumans must demonstrate each element of fraud, including reliance upon the misrepresentation. ArborVillage Condo Assn. v. Arbor Village Ltd., L.P. (1994), 95 Ohio App.3d 499,510, 642 N.E.2d 1124, 1131. See Crum v. McCoy (1974), 41 Ohio Misc. 34,39, 322 N.E.2d 161, 165.
{¶ 42} It is clear that the defendants-appellees made affirmative misrepresentations to the Dumans regarding the condition of the basement. The agent had been previously informed by other prospective buyers of dampness and mildew problems in the basement. However, in contravention of this information, the agent informed the Dumans that no water problem existed. The residential property disclosure form was not thereafter amended to show a current water problem in the basement. However, the Dumans were put on notice of the defective condition from another source and thus could not justifiably rely upon the misrepresentations.
{¶ 43} The Dumans admittedly noticed the presence of a dehumidifier in the basement, and duly inquired whether the basement had a water problem. The agent denied that a problem existed. The Dumans then exercised their option to have the residence inspected by a professional home inspector prior to their purchase of the residence. The inspection report informed the Dumans that the basement was "damp" and there was "evidence of prior penetration." As the word "damp" is used in its present tense, there could be no other reading than that a current water problem existed in the basement. In light of the fact that the inspector informed the Dumans that he was able to view only twenty percent of the basement due to finishing, furniture and boxes, the Dumans were aware that the majority of the damp basement had not been inspected and should have taken steps to investigate further.
{¶ 44} The required elements of fraud are as follows:
 {¶ 45} (1) a material false representation or a concealment; (2) knowingly made or concealed; (3) with the intent of misleading another into relying upon it; (4) reliance, with a right to do so, upon the representation or concealment by the party claiming injury; and (5) injury resulting from the reliance. Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55, 514 N.E.2d 709; Finomore v. Epstein
(1984), 18 Ohio App.3d 88, 90, 481 N.E.2d 1193; Schwartz v. Capital Savings and Loan
(1978), 56 Ohio App.2d 83, 86, 381 N.E.2d 957.
{¶ 46} Eiland v. Coldwell Banker Hunter Realty (1997),122 Ohio App.3d 446, 457, 702 N.E.2d 116, 123. (Emphasis added.)
{¶ 47} The majority finds a genuine issue of material fact exists as to whether the Dumans were put on notice of a current water problem by the home inspection report. They contend if the Dumans were not aware of the defect then they could justifiably rely upon the misrepresentations of the defendants-appellees.
 {¶ 48} When a person has the opportunity to investigate, and when the circumstances would cause a person of ordinary care to investigate, and that person fails to do so, the element of justifiable reliance will not be proven. Cardi v. Gump (1997), 121 Ohio App.3d 16, 22-23, 698 N.E.2d 1018. In the ordinary case, the representations from a seller precede a home inspection. Consequently, a buyer who has obtained a negative home inspection cannot rely on statements made by a seller prior to the home inspection. See, e.g., Eiland v. Coldwell Banker Hunter Realty (1997), 122 Ohio App.3d 446, 458, 702 N.E.2d 116; Belluardo v. Blankenship,
1998 Ohio App. LEXIS 2409 (June 4, 1998), Cuyahoga App. No. 72601, unreported.
{¶ 49} Riccardi v. Levine (May 11, 2000), Cuyahoga App. No. 76215, unreported.
{¶ 50} In accordance with Tipton v. Nuzum (1992), 84 Ohio App.3d 33,38, 616 N.E.2d 265, the Dumans had an affirmative duty to make further inquiry into the condition of the basement after being alerted to the possible defect. The Dumans were unable to justifiably rely upon the prior misrepresentations and/or concealment for purposes of their fraud claim and, therefore, summary judgment is appropriate.
{¶ 51} For these reasons, I would affirm the judgment of the trial court.