**Copp v. Clagg**
**Case No. 13-88-16**

**Seneca County (3rd)**
**Decided February 22, 1990**
[Cite as 1 AOA 139]

Messrs. Cory, Meredith, Witter, Roush & Cheney, Mr. James E. Meredith, Mr. Michael P. Anderson, Attorneys At Law, P.O. Box 1217, Lima, Ohio 45802-1217, For Appellants,

Messrs. Zellmer & Gruber, Mr. Jeffrey P. Posner, Attorney At Law, 1400 Leader Building, Cleveland, Ohio 44114, Attorney for Appellees.

MAHONEY, J.

Defendants-appellants Jack and Margaret Clagg appeal from the trial court's order granting prejudgment interest to plaintiffs-appellees, Charles and Shirley Copp. We affirm.

Appellants' dog ran out in front of appellees' motorcycle, the resulting collision caused injuries to appellee Charles Copp's ankle. Appelees' counsel sent Allstate, appellants' insurer, an offer to settle for $140,000. Allstate countered with an offer of $18,000. Appellees filed suit on October 5, 1984.

Appellees served interrogatories on appellants. Appellants objected to certain ones. Appellees obtained an order requiring appellants to answer them, which appellants did.

Meanwhile, appellees continued to press for settlement. Progressively, appellees lowered their demand to $99,500. The appellants did not raise the $18,000 offer. The ostensible reason for appellants' refusal to offer more was that they attributed some of Coop's ankle condition to a previous parachuting accident. Appellants requested additional time to bring third party complaints against doctors who had treated Copp after the parachuting accident, but they never filed any such complaints.

The court suggested a settlement of $42,000. Appellees agreed but appellants refused to consider this figure. The matter went to trial, and the jury awarded appellees $35,000. Appellants paid that amount a week later.

After trial, appellees filed motions for interest and costs, amounting to $16,599.23. Appellants failed to file timely or proper responses to the interrogatories which appellees had served in prosecution of these motions.

Appellees offered to settle the interests and costs matters for $6,500. Appellants countered by offering $329.70.

Appellees moved for sanctions for appellants' inadequate responses to interrogatories. The court granted the motion by prohibiting appellants from introducing evidence at the prejudgment interest hearing in opposition to appellees' motion for prejudgment interest.

The court held the hearing and issued findings of fact and conclusions of law. In essence, the court concluded that there was an:

> " * * * overall pattern of delay and * * * obstruction of discovery * * * and * * * intransigence of the defense's settlement position [so as to] demonstrate [] conduct sufficient to warrant a finding of a failure by defendants, through Allstate, to make a good faith effort to settle" Conclusion of Law No. 7.

Accordingly, the court granted appellees' motion for prejudgment interest. The appellants then filed this timely appeal.

Because appellants' two assignments of error raise interrelated issues, we address them together.

*ASSIGNMENTS OF ERROR*
"1. The findings of fact and conclusions of law relating to the award of prejudgment interest are not supported by the weight of the evidence.

"2. The trial court abused its discretion in awarding plaintiffs-appellees' prejudgment interest."

R.C. 1343.03 (C) provides:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by the agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or

decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

This statute was enacted to promote settlement efforts, to prevent frivolous delays, and to encourage good faith efforts to settle controversies before trial. *Kalain* v. *Smith* (1986), 25 Ohio St. 3d 157, 159.

The *Kalain* court established the following test to determine if a party has failed to make a good faith effort to settle under R.C. 1343.03 (C):

> "A party has not 'failed to make a good faith effort to settle' under R.C. 1343.03 (C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer." *Kalain, supra,* at 159.

The decision as to whether a party's settlement efforts indicate good faith is generally within the sound discretion of the trial court. *Huffman* v. *Hair Surgeon, Inc.* (1985), 19 Ohio St. 3d 83. This court will not overturn a finding on this issue unless the trial court's action indicates an abuse of discretion. *Kalain, supra.* "Abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Cox* v. *Fisher Fazio Foods, Inc.* (1984), 13 Ohio App. 3d 336. In other words, the term connotes more than just error of law or judgment. *Cox, supra.* Thus, the fact that we, or any other court, may have reached a different conclusion does not establish abuse of discretion by the trial court. *Cox, supra,* at 337.

There was sufficient evidence in this case to support the trial court's decision that appellants did not "fully cooperate" in discovery in this case. *Kalain, supra.* There was also sufficient evidence of the "intransigence" of the defense's settlement position (Conclusion Law No. 7). At least, there was insufficient evidence, given the fact that appellants chose not to have

the medical evidence adduced at trial transcribed. That evidence might have justified the "intransigence" and been grounds upon which to reverse the trial court's decision on an abuse of discretion standard. We can only assume that it did not support appellants' position.

Accordingly, we will not disturb the trial court's conclusion that appellees failed to make a good faith effort to settle here. Appellants' assignments of error are thus overruled, and the judgments of the trial court is affirmed.

*Judgments affirmed.*

BRYANT and COLE, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.

RALPH D. COLE, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.