SINDEL et al., Appellees,

v.

TOLEDO EDISON COMPANY, Appellant. (Two Cases.)

[Cite as *Sindel v. Toledo Edison Co.* (1993), 87 Ohio App.3d 525.]

Court of Appeals of Ohio,
Defiance County.

Nos. 4–92–18, 4–92–26.

Decided May 4, 1993.

*Arthur, O'Neil & Mertz Co., L.P.A., Joseph W. O'Neil* and *E. Charles Bates,* for appellees.

*Weaner, Zimmerman, Bacon, Yoder & Hubbard, John E. Zimmerman* and *Stephen F. Hubbard,* for appellant.

THOMAS F. BRYANT, Judge.

These are appeals from a judgment of the Court of Common Pleas of Defiance County which was entered upon a jury's verdict in favor of plaintiffs-appellants, John Sindel and Katie Sindel, d.b.a. Southtown Food Market, and against defendant-appellant, Toledo Edison Company, and from the court's award of prejudgment interest.

John Sindel and Katie Sindel ("the Sindels") own a grocery store in Defiance, Ohio. Electrical service for the store is provided by The Toledo Edison Company ("Toledo Edison"). In late 1988 or early 1989, the Sindels filed a complaint with the Public Utilities Commission of Ohio claiming that their bill for electrical services at the store was too high. In response to that complaint, Toledo Edison sent its marketing representative, Joanne Borrell ("Borrell"), to the Sindels' grocery to discuss the problem with them.

Borrell placed a meter on various electrical appliances in the grocery to determine how many kilowatt hours each appliance was using. This survey revealed that the Sindels were being billed for the kilowatt hours used, but several items of refrigeration equipment were malfunctioning and using more electricity than would normally be expected.

At about this same time, the Sindels mentioned to Borrell that they were considering relocating their grocery to available space next door. The vacant space was approximately twice as big as the space the grocery was then occupying. Borrell told the Sindels that Toledo Edison could provide projections of the cost for electrical services in the new space comparing the cost of various heating and cooling options.

Toledo Edison provided those projections to the Sindels and, based in part upon the projections, the Sindels decided to move the grocery to the new location. When the electric bill for the first month was approximately twice the amount projected by Toledo Edison, the Sindels contacted Toledo Edison in an effort to determine why the bill was so much in excess of the projection. Toledo Edison tested the electric meter and determined it was working properly. Several conversations were had between the Sindels and Toledo Edison, but the situation was not resolved to the satisfaction of the Sindels. Ultimately, the Sindels filed this action against Toledo Edison alleging they were entitled to damages due to negligent misrepresentation and estoppel.[1] Following a jury trial, a verdict was returned in favor of the Sindels for $75,000. A motion for prejudgment interest was granted by the trial court.

■ Toledo Edison's first assignment of error is:

"Allowing Sindel's [*sic*] expert witness to testify after having ordered them to disclose their expert, if any, then failing to require them to do so, constituted prejudicial error and was an abuse of discretion."

The Sindels called John Courtney as an expert witness at trial. It is undisputed that Courtney's name had not been disclosed to Toledo Edison prior to trial. Toledo Edison had not made a formal pretrial discovery request for names of expert witnesses the Sindels expected to call at trial. One week prior to trial, a final pretrial conference was held.

When Toledo Edison objected to Courtney being called as an expert at trial, the trial judge stated on the record that he remembered asking the Sindels' attorney at the pretrial conference if there were experts and the trial judge had not heard of Courtney until he was called to testify. Later, however, the judge acknowledged that he had made no formal requirement for disclosure of expert witnesses. Courtney was allowed to testify over Toledo Edison's objection.

■ Since the trial judge never formally required the parties to exchange names of experts, the Sindels were under no legal obligation to disclose the name of their expert. A court speaks not through oral pronouncement, but through its journal. *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 83, 523

---

1. The Sindels subsequently abandoned their estoppel theory.

N.E.2d 851, 854; *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph one of the syllabus; *Marous v. Ohio Bell Tel. Co.* (1992), 80 Ohio App.3d 306, 312, 609 N.E.2d 192, 196.

If Toledo Edison believed it was unfairly prejudiced or surprised by not knowing Courtney was to be called to testify at trial, it could have asked for a continuance or for an opportunity to voir dire the witness. Toledo Edison failed to do either.

■ Admissibility of expert testimony rests within the discretion of the trial court. *Turnpike Comm. v. Ellis* (1955), 164 Ohio St. 377, 58 O.O. 179, 131 N.E.2d 397. We find no abuse of the trial court's discretion in this case.

Appellant's first assignment of error is overruled.

■ Appellant's second assignment of error is:

"By requiring Toledo Edison to provide additional projections to Sindel in March, 1992, and announcing that requirement to the jury, the trial court abused its discretion and erred to the substantial prejudice of Toledo Edison."

The factual dispute in this case concerns the information provided to Toledo Edison by the Sindels for purposes of performing the analysis to provide the Sindels with projections of electrical usage in the new store. Toledo Edison contended that the Sindels told its representative, Borrell, that they were at first going to use the same refrigeration equipment they had been using in the old store. Over time, they would purchase newer equipment. Borrell testified that, based on that information, the analysis was performed using horsepower data for the old equipment.

The Sindels testified that, before the analysis was performed, they provided to Borrell a list of refrigeration equipment they were planning to use and the list included horsepower ratings. The horsepower ratings of the proposed equipment were nearly three times that of the equipment the Sindels were then using.

Previous counsel for Toledo Edison agreed to have two additional projections performed using the figures on the proposed equipment list for one projection and the actual equipment installed at the new store for the other. Although there was no written order from the court concerning these projections, trial counsel agreed to have Toledo Edison perform them in March 1992. The new projections were within approximately $600 of the actual annual cost for electrical services at the new store. The projections provided to the Sindels in 1989 were approximately $7,000 less per year than the actual cost.

During cross-examination, Toledo Edison's expert was questioned about the March 1992 projections. At that point, the trial judge decided that the jury should be told the reason those projections were run. Toledo Edison's counsel

responded "Fine." The judge then explained to the jury that the projections had been ordered by the court. Toledo Edison's counsel stated "[t]hat is fine" following the court's explanation. No objection was made to the trial judge informing the jury as to the reason for the 1992 projections.

Remarks made by the trial judge during trial cannot be assigned as error on appeal when counsel made no objection to such remarks at a time when the trial court could have ruled on the matter. *Shank v. Hamilton Foundry & Machine Co.* (1926), 23 Ohio App. 323, 155 N.E. 564.

Toledo Edison's second assignment of error is overruled.

■ Toledo Edison's third assignment of error is:

"The trial court abused its discretion in charging the jury with inappropriate instructions on negligent misrepresentation, which elements were not satisfied by the manifest weight of the evidence."

Toledo Edison claims that the trial court gave the jury inappropriate instructions concerning negligent misrepresentation. Counsel's objection to those instructions came only after the jury had retired to deliberate. Civ.R. 51(A) provides, in pertinent part:

"On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. * * * "

After the judge had instructed the jury, he asked whether counsel had anything further. Toledo Edison's counsel replied "Not at this time. We might object to the charge of the jury later on the record." Toledo Edison clearly did not comply with the requirements of Civ.R. 51(A); therefore, it cannot properly assign as error the giving of any jury instruction. See *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 24 O.O.3d 316, 436 N.E.2d 1001, paragraph one of the syllabus.

■ Also in this assignment of error, Toledo Edison apparently complains that the evidence was insufficient to warrant an instruction to the jury concerning negligent misrepresentation. Even though we have noted that the error concerning the jury instruction is not preserved for appeal, we will nevertheless address that portion of the assignment which seems to allege that the jury's verdict is against the manifest weight of the evidence.

■ A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when there is "some competent, credible evidence going to all the essential elements of the case * * *." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. This court

must follow the presumption that the jury's findings were correct. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411–412, 461 N.E.2d 1273, 1276.

The elements of negligent misrepresentation are set forth in 3 Restatement of the Law, Torts 2d (1977) 126–127, Section 552, as follows:

"(1) One who, in the course of his business, profession or employment, * * * supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." See, also, *Gutter v. Dow Jones, Inc.* (1986), 22 Ohio St.3d 286, 22 OBR 457, 490 N.E.2d 898; *Haddon View Invest. Co. v. Coopers & Lybrand* (1982), 70 Ohio St.2d 154, 24 O.O.3d 268, 436 N.E.2d 212.

Our review of the record in this case reveals sufficient competent, credible evidence going to all the essential elements of negligent misrepresentation. Accordingly, we decline to reverse the jury's verdict as being against the manifest weight of the evidence.

Toledo Edison's third assignment of error is overruled.

■ For its fourth assignment of error, Toledo Edison states:

"The jury was influenced by passion and prejudice, thus the evidence does not support the jury's $75,000.00 verdict."

■ In determining whether a jury's award was influenced by passion or prejudice, a reviewing court should consider "not only the amount of damages returned * * * but it also becomes the duty of such court to ascertain whether the record discloses that the excessive damages were induced by (a) admission of incompetent evidence, (b) by misconduct on the part of the court or counsel, or (c) by any other action occurring during the course of the trial which can reasonably be said to have swayed the jury in their determination of the amount of damages that should be awarded." *Fromson & Davis Co. v. Reider* (1934), 127 Ohio St. 564, 189 N.E. 851, paragraph three of the syllabus. See, also, *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 39, 543 N.E.2d 464, 468; *Jeanne v. Hawkes Hosp. of Mt. Carmel* (1991), 74 Ohio App.3d 246, 257, 598 N.E.2d 1174, 1181.

Toledo Edison makes no claim that the allegedly excessive damages were induced by admission of incompetent evidence or by misconduct on the part of the court or counsel. Although Toledo Edison asserts in its brief that "there is strong evidence that passion or prejudice influenced the jury's award," it does not share with this court what constitutes such evidence.

Passion or prejudice is not proved by the mere size of a verdict. *Jeanne, supra,* citing *Pearson v. Cleveland Acceptance Corp.* (1969), 17 Ohio App.2d 239, 46 O.O.2d 411, 246 N.E.2d 602. "It must appear that the jury's assessment of damages was so disproportionate as to shock reasonable sensibilities." *Jeanne, supra,* citing *Spicer v. Armco Steel Corp.* (1974), 68 O.O.2d 314, 322 N.E.2d 279.

We do not find that the jury's award of damages is so disproportionate as to shock reasonable sensibilities. To the contrary, we find that there is ample evidence in the record to support the jury's assessment of damages. Mr. Sindel testified that he and his wife owed approximately $51,000 for the debt incurred in moving into the new location. Additionally, the Sindels had paid $21,500 for electrical services in excess of the projections provided to them by Toledo Edison.

Appellant's fourth assignment of error is overruled.

Toledo Edison's fifth and final assignment of error is:

"The trial court erred in awarding prejudgment interest for the reason that it is against the manifest weight of the evidence and an abuse of discretion to hold that Sindel acted in good faith and that Toledo Edison failed to act in good faith during settlement negotiations conducted relative to this case."

R.C. 1343.03(C) provides:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

The trial court found that Toledo Edison had failed to make a good faith effort to settle the case and the Sindels had not so failed. The trial court ordered Toledo Edison to pay prejudgment interest from March 27, 1991 to the date of judgment. Previously, the court had overruled Toledo Edison's motion to dismiss on the grounds of subject matter jurisdiction on March 27, 1991, and found that, prior to that date, there "existed a good faith and objectively reasonable dispute."

We first note that, even if prejudgment interest was properly awarded, the time period for computation of such interest is incorrect. R.C. 1343.03 provides for the computation of interest "from the date the cause of action accrued to the date on which the money is paid."

A determination as to whether a party has failed to make a good faith effort to settle is within the trial court's discretion and a reviewing court will not reverse

that decision absent an abuse of discretion. *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 159, 25 OBR 201, 203, 495 N.E.2d 572, 574; *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 19 OBR 123, 482 N.E.2d 1248; *Copp v. Clagg* (1990), 66 Ohio App.3d 211, 583 N.E.2d 1086.

The Sindels made their first settlement offer approximately one week prior to trial. That offer was rejected by Toledo Edison and no counteroffer was made. It appears that the judge's ruling is based on Toledo Edison's failure to make a nominal offer to settle the case for nuisance value. R.C. 1343.03(C) does not encourage the filing of lawsuits to be settled for nuisance value.

"R.C. 1343.03(C) requires the party seeking prejudgment interest to demonstrate its aggressive prejudgment settlement efforts and its adversary's lack of aggressive prejudgment settlement efforts." *Black v. Bell* (1984), 20 Ohio App.3d 84, 88, 20 OBR 105, 108, 484 N.E.2d 739, 743.

The Sindels' sole offer of settlement one week prior to trial does not demonstrate an aggressive effort at prejudgment settlement.

Finding no evidence to support the trial court's award of prejudgment interest, we hold that the trial court abused its discretion in that respect.

Toledo Edison's fourth assignment of error is sustained.

The judgment of the Court of Common Pleas of Defiance County entered upon the jury's verdict is affirmed. The judgment awarding prejudgment interest is reversed.

*Judgments affirmed in part*
*and reversed in part.*

SHAW and HADLEY, JJ., concur.