**DeCAPUA, Appellee,**

**v.**

**LAMBACHER, Appellant.**

[Cite as *DeCapua v. Lambacher* (1995), 105 Ohio App.3d 203.]

No. 17083.

Court of Appeals of Ohio,
Ninth District, Summit County.

Decided July 12, 1995.

*Mark X. DeCapua, pro se.*
*Melvin Hawk,* for appellant.

---

SLABY, Judge.

Appellant, Edward F. Lambacher, appeals from a judgment of the Barberton Municipal Court that was entered against him in the amount of $1,500 for the erroneous establishment of a property boundary line. We reverse.

Although no transcript of the trial proceedings before the court has been filed, the parties agree substantially to the facts of this case. Because the issue herein is a question of law and the basic facts are uncontroverted, we will address the issues in the absence of a transcript of proceedings. The parties agree that appellant was hired by appellee's neighbor to perform a boundary survey.

Appellee became concerned that the flags marking the common boundary between the properties did not accurately establish that boundary. He then hired his own surveyor to survey the property line at a cost of $1,500.

As a result of appellee's surveyor's survey, it was discovered that the boundary line established by appellant encroached approximately six feet into appellee's property. The two surveyors met and agreed to the new boundary line. Appellee made a demand upon appellant for $1,500 to pay for the survey that his surveyor had performed. Appellant refused the demand, and suit was filed in the Barberton Municipal Court for $1,500 and costs.

The court held a trial at which both parties testified. The court entered judgment against appellant for $1,500 plus costs. Appellant assigns two errors on appeal from that judgment.

### Assignments of Error

"[I.] The [t]rial [c]ourt erred in making a finding that damages are recoverable where there was no reliance on the faulty work of a surveyor who was not employed by the party making the claim.

"[II.] Where there is no privity of contract and no reliance on the faulty work of a surveyor, there can be no claim for damages."

In both assignments of error, appellant argues that he cannot be liable to appellee because he did not owe him any legal duty. We agree. The gist of appellee's complaint was the negligent performance of appellant's contract with appellee's neighbor to establish the boundaries of his neighbor's property. Tort law ordinarily is ill-suited to compensate for injuries resulting from the performance of a duty imposed by contract. *Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn.* (1990), 54 Ohio St.3d 1, 7, 560 N.E.2d 206, 211–212. Thus privity of contract is generally necessary to recover for purely economic losses that result from a negligent breach of contract. See *id.* at 3, 560 N.E.2d at 208.

It is undisputed that there was no privity of contract between the parties. The action cannot, therefore, be predicated upon breach of contract, but instead must rest upon tort. "It is rudimentary that in order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710. The issue of whether a duty exists is a question of law for the courts. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 269. An appellate court reviews a question of law *de novo;* accordingly, it owes no deference to the decision of the trial court. See *Ohio Bell Tel. Co. v. Pub. Util.*

*Comm.* (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286, 287; *Tamarkin Co. v. Wheeler* (1992), 81 Ohio App.3d 232, 234, 610 N.E.2d 1042, 1043.

■ 3 Restatement of the Law 2d, Torts (1977) 126–127, Section 552, which describes the doctrine of negligent misrepresentation, does provide, under limited circumstances, a tort vehicle for the recovery of pecuniary damages that result from breach of a contractual duty. The Supreme Court of Ohio has recognized this doctrine as imposing liability on a professional who has negligently supplied information for the guidance of others in their business transactions, where the recipient of the information, a foreseeable person, justifiably relies upon it. See *Gutter v. Dow Jones, Inc.* (1986), 22 Ohio St.3d 286, 288–289, 22 OBR 457, 458–459, 490 N.E.2d 898, 899–901; *Haddon View Invest. Co. v. Coopers & Lybrand* (1982), 70 Ohio St.2d 154, 156–157, 24 O.O.3d 268, 269–270, 436 N.E.2d 212, 214–215. It appears that other jurisdictions have found this to be a viable theory upon which to impose liability upon a surveyor who negligently sets a boundary line. See Annotation (1971 & Supp.1994), 35 A.L.R.3d 504, 507–508, Section 4[a].

■ The duty acknowledged by this section of the Restatement does not, however, extend to persons who do not rely upon the information. In the instant case, appellee did not rely upon appellant's survey; to the contrary, he hired another surveyor to correct appellant's survey. We know of no duty, nor do we see any reason to impose a duty, upon a surveyor to pay for subsequent surveys by third parties who have not relied upon the surveyor's work and with whom the surveyor has no relationship, contractual or otherwise. Appellant owed no duty to appellee; therefore, the trial court erred in entering judgment in appellee's favor.

Appellant's assignments of error are well taken. Pursuant to App.R. 12(B), we reverse the judgment of the trial court and render judgment in favor of appellant, Edward F. Lambacher.

*Judgment accordingly.*

REECE, P.J., and DICKINSON, J., concur.