OPINION
Defendant-appellant, Pradeep Kodali, (hereinafter "appellant") appeals from the award of prejudgment interest by the trial court to plaintiffs-appellees, Kristin Krupa, and her parents, Kenneth Krupa and Jeanette Krupa.
On or about March 12, 1996, the appellant negligently caused his automobile to collide with another vehicle which was being driven by co-appellee Kristin Krupa. Kristin sustained a cut eyelid, as well as a number of other abrasions to her face in the accident.
The appellees filed the within lawsuit in the Cuyahoga County Court of Common Pleas against the appellant on January 23, 1997. On August 14, 1997, the case was consolidated with another case which had been filed by Kelly Bedoe, a passenger in Kristen's vehicle at the time of the accident. Ms. Bedoe's claim against the appellant was settled prior to trial. The appellant and the appellees being unable to reach a settlement, this case went to trial on February 2, 1998. The jury returned a verdict in favor of the appellees in the amount of $72,500. Of this amount, $71,000 was awarded to Kristin and $750 was awarded to each of her parents on their consortium claims.
Following the return of the jury verdict, the appellees filed a Motion for Prejudgment Interest on February 17, 1998. On April 29, 1998 the trial court held a hearing on the appellees' motion. The hearing consisted entirely of unsworn oral statements by the respective trial counsel. There were no witnesses called to testify by any of the parties and no exhibits were received into evidence. No discovery was conducted prior to the hearing. The appellees' attorney stated during the hearing that "although I certainly had the opportunity I did not avail myself of the opportunity to take depositions of the claim personnel and to review their file and go through that whole — whole process."
The appellant timely filed a Notice of Appeal from the ruling of the trial court on the Motion for Prejudgment Interest on August 5, 1998. The appeal was dismissed by this court on September 1, 1998 as premature because the trial court did not provide Findings of Fact and Conclusions of Law per the request of the appellant, as it was required to by Civ.R. 52. In an order journalized on September 11, 1998, the trial court adopted verbatim the Proposed Findings of Fact and Conclusions of Law which had been submitted by the appellees. The total amount of prejudgment interest owing to the appellees was computed by the trial court to be $13,902. On October 6, 1998, this court reinstated the within appeal.
Appellant's sole assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY GRANTING PREJUDGMENT INTEREST TO THE PLAINTIFFS/APPELLEES WHERE PLAINTIFFS-APPELLEES FAILED TO MEET THEIR BURDEN OF PROOF AND THE COURT'S RULING WAS NOT SUPPORTED BY THE EVIDENCE BEFORE THE COURT AND THE LAW OF OHIO
R.C. 1343.03 (C), which provides for prejudgment interest under certain circumstances, states in relevant part:
 Interest on judgment * * * shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
If a party has a good faith objective and reasonable belief that he has no liability, then he is not compelled to make an offer to settle. Kalain v. Smith (1986), 25 Ohio St.3d 157. In evaluating whether a party has made a good faith effort to settle a case, a trial court must consider the following:
 1. Whether the party has fully cooperated in discovery proceedings;
 2. Whether the party has rationally evaluated his risk and potential liability;
 3. Whether the party has attempted to unnecessarily delay any of the proceedings; and
 4. Whether a good faith monetary offer was made, or responded to in good faith if made by the other party. Id.; Ziegler v. Wendel Poultry Serv., Inc.
(1993), 67 Ohio St.3d 10, rehearing denied, 67 Ohio St.3d 1425.
A determination of whether a party has made a good faith effort to settle, for purposes of awarding prejudgment interest, is within the sound discretion of the trial court. Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83; Felden v. Ashland Chem.Co., Inc. (1993), 91 Ohio App.3d 48. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1984), 5 Ohio St.3d 217.
"R.C. 1343.03 (C) requires the party seeking prejudgment interest to demonstrate its aggressive prejudgment settlement efforts and its adversary's lack of aggressive prejudgment settlement efforts." Sindel v. Toledo Edison Co. (1993), 87 Ohio App.3d 525,533, citing Black v. Bell (1984), 20 Ohio App.3d 84,88.
In the instant case, the appellees' attorney stated at the prejudgment interest hearing that the initial demand for settlement, which was submitted to the appellant's attorney in writing on approximately August 22, 1997, was $125,000. The appellees' attorney further stated at the hearing that his final demand on the day of trial was $115,000. Therefore, the appellees only moved $10,000 off their initial demand from the date that it was made to the date of trial.
The total amount of the jury verdicts for the appellees was $72,500. The difference between the final demand and the jury's verdict was $42,500. Thus, the appellees' final demand was 59% greater than the verdict of the jury.
The initial offer made by the appellant was approximately $25,000 and was made sometime in January of 1998. This offer was made by the appellant's attorney shortly after the attorney and the claims adjuster on the case were given the opportunity to examine photographs of Kristin's injuries. There are conflicting unsworn statements made by the respective counsel for the parties at the prejudgement interest hearing as to whether the final settlement offer made by the appellant prior to trial was $41,000 or $45,000. Even if we are to assume that the final offer made was $41,000, that figure is still only $30,000 less than the verdict returned by the jury in favor of Kristin — substantially closer to the verdict than appellees' final demand.
In their appellate brief the appellees describe the course of events leading up to trial as follows:
 A Pre-Trial (sic) was held November 3, 1997. No settlement negotiations were discussed. Nationwide and Appellant again requested additional copies of Appellee's photographs which were provided shortly thereafter.
 In December 1997, there were no further discussions regarding settlement. The case was scheduled for a Final (sic) Pretrial (sic) on January 27, 1998. Up to that point of time there were no contacts by representatives of the Appellants with regard to presenting any settlement offer.
It is apparent from the oral representations of the appellees' attorney at the prejudgment interest hearing, as well as from the statements of facts in the pleadings in this appeal, that the appellees did not "aggressively" pursue settlement at any time prior to trial in such a manner as to satisfy the requirement of R.C. 1343.03 (C) that the party seeking prejudgment interest "not fail to make a good faith effort to settle the case." The situation as described by the appellees can be fairly described as a stalemate. Neither party seems to have been aggressively pursuing settlement. There is absolutely nothing in the record to suggest that the appellees were at any time prepared to lower their final demand of $115,000, a figure far in excess of the final verdict.
There is also no competent evidence in the record that the appellant failed to use good faith in attempting to settle the case. The appellees conducted no discovery prior to the prejudgment interest hearing. The appellees never requested that the claims file be produced, as is customary in these situations, and never attempted to depose the insurance adjuster responsible for evaluating Kristin's claims. There was also no testimony elicited from any of the attorneys assigned to the case which would tend to show that the appellant failed to make a good faith effort to settle the case.
Because there was no evidence presented to the trial court which was consistent with a finding that the appellant failed to make a good faith effort to settle this case, and that the appellees did not fail to make a good faith effort to settle the case, the appellant's sole assignment of error is well taken. The trial court's award of prejudgment interest is hereby reversed and remanded. The trial court is directed to enter a judgment entry consistent with this opinion.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, TERRENCE, P.J., and McMONAGLE, TIMOTHY E., J.,CONCUR.
 _____________________________ MICHAEL J. CORRIGAN JUDGE