Plaintiff-appellant herein, James Garcia, appeals from the trial court's denial of his motion for prejudgment interest following an evidentiary hearing. For the reasons adduced below, we conclude that the trial court did not err in finding that the appellant was not entitled to prejudgment interest under R.C.1343.03(C) and, accordingly, we affirm the decision of the trial court.
The appellant initially filed the within lawsuit on November 13, 1995. The action was voluntarily dismissed without prejudice prior to trial by the appellant on June 16, 1997. Three days thereafter, on June 19, 1997, the appellant refiled his lawsuit. The refiled lawsuit did not contain any claims against defendants other than appellee, The Cleveland Clinic Foundation (The Clinic).
On August 2, 1999, a jury trial was commenced. On August 6, 1999, the jury returned a verdict in favor of the appellant in the amount of $350,000. On August 11, 1999, the appellant filed a motion for prejudgment interest. A hearing was held on appellant's motion on September 3, 1999. At the close of the hearing, the trial court denied the appellant's motion, specifically finding that because * * * both sides failed to make a reasonable effort to settle the case, the court is denying the motion for prejudgment interest.
The appellant timely filed the instant appeal from the decision of the trial court denying the motion for prejudgment interest. The appellant presents a singular assignment of error for this court's review:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT AN AWARD OF PRE-JUDGMENT INTEREST BECAUSE APPELLANT WAS NOT OBLIGATED TO MAKE A SETTLEMENT DEMAND WHEN APPELLEE TOLD HIM ITS ONLY OFFER WAS $0.00.[1]
R.C. 1343.03(C), which provides for prejudgment interest under certain circumstances, states in relevant part:
 Interest on judgment * * * shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
If a party has a good faith objective and reasonable belief that he has no liability, then he is not compelled to make an offer to settle. Kalain v. Smith (1986), 25 Ohio St.3d 157; Russell v. Corbin(Dec. 9, 1999), Cuyahoga App. Nos. 74939, 75236, unreported. In evaluating whether a party has made a good faith effort to settle a case, a trial court must consider the following:
 1. Whether the party has fully cooperated in discovery proceedings;
 2. Whether the party has rationally evaluated his risk and potential liability;
 3. Whether the party has attempted to unnecessarily delay any of the proceedings; and
 4. Whether a good faith monetary offer was made, or responded to in good faith if made by the other party. Id.; Ziegler v. Wendel Poultry Serv., Inc. (1993), 67 Ohio St.3d 10, rehearing denied, 67 Ohio St.3d 1425.
A determination of whether a party has made a good faith effort to settle, for purposes of awarding prejudgment interest, is within the sound discretion of the trial court. Felden v. AshlandChem. Co., Inc. (1993), 91 Ohio App.3d 48.
R.C. 1343.03(C) requires the party seeking prejudgment interest to demonstrate its aggressive prejudgment settlement efforts and its adversary's lack of aggressive prejudgment settlement efforts. Sindel v. Toledo Edison Co. (1993),87 Ohio App.3d 525, 533, citing Black v. Bell (1984),20 Ohio App.3d 84, 88; Krupa v. Kodali (Dec. 9, 1999), Cuyahoga App. No. 74995, unreported.
The parties stipulated during the course of the evidentiary hearing that each party fully cooperated with discovery and that neither party attempted to unnecessarily delay any of the proceedings. Thus, the only issues before the trial court were whether the parties rationally evaluated their respective risks and/or potential liability and whether a good faith monetary settlement demand was made by the appellant and, if so, whether it was responded to in good faith by the appellee.
The evidence presented at the hearing clearly established that neither party aggressively attempted to settle the case. The appellant never presented a formal demand for settlement, either in written form or orally, to the appellee. The appellant's trial counsel testified that the reason that no demand for settlement was ever made was because he had been given the clear indication by two different attorneys who represented the appellee throughout the course of litigation that the appellee would defend the case and go to trial.
The appellant maintains that this perceived unwillingness on the part of the appellee to make an offer acceptable to the appellant relieved the appellant of his obligation under R.C.1343.03(C) to aggressively pursue settlement. In support of his position as to this issue, the appellant draws this court's attention to two Ohio Supreme Court cases which have interpreted the relevant statute. See Wagner v. Midwestern Indem. Co. (1998), 3 Ohio St.3d 287[83 Ohio St.3d 287], 699 N.E.2d 507 andGalayda v. Lake Hospital Systems, Inc. (1994),71 Ohio St.3d 421, 644 N.E.2d 298, infra.
In Wagner v. Midwestern Indem. Co. (1998), 3 Ohio St.3d 287 [83 Ohio St.3d 287], 699 N.E.2d 507, the Court reiterated the statutory requirements imposed upon a party seeking an award of prejudgment interest:
 * * * it is incumbent on a party seeking an award to present evidence of a written (or something equally persuasive) offer to settle that was reasonable considering such factors as the type of case, the injuries involved, applicable law, defenses available, and the nature, scope and frequency of efforts to settle. * * * Subjective claims of lack of good faith generally will not be sufficient. Wagner, supra, at 293, citing Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 659, 635 N.E.2d 331, 348.
The Court went on to find that the defendant insurance company's adamant refusal to continue settlement negotiations (we're not paying you one thin dime) relieved the plaintiff of his obligation to continue efforts to negotiate a settlement, as it was abundantly obvious that efforts would be entirely in vain.
The Wagner decision was based on an earlier ruling by the Court in Galayda v. Lake Hospital Systems, Inc. (1994), 71 Ohio St.3d 421,644 N.E.2d 298. In Galayda, the Court held that a party is relieved of an obligation to continue settlement negotiations where a defendant states in unmistakably rigid terms that it will not participate in further negotiations thereby effectively terminating all chance for good faith negotiation. Galayda,supra, at 429.
In the within case, the evidence at the hearing conducted by the trial court demonstrated that counsel for appellee indicated to counsel for appellant that the appellee believed that the case was defensible as there had been no deviation from the requisite standard of care. This determination was supported by numerous reviews from medical/legal review committees and peer review committees within the appellee hospital. This sort of stance is a far cry from the level of obstinacy and intransigentness seen in the fact patterns present in Wagner and Galayda. In the instant case, to hold that the appellant had no duty to present any evidence of an offer to settle would render nearly meaningless the requirement of R.C. 1343.03(C) that a party seeking prejudgment interest did not fail to make a good faith effort to settle the case.
In both the Wagner and Galayda decisions, the Court held that a plaintiff need not continue settlement efforts where it is clear that to do so would be a vain act. These holdings do not relieve a plaintiff from making an initial settlement demand merely because counsel feels that the case is not likely to settle. In the casesub judice, the appellant never even initiated settlement discussions by making an objectively reasonable offer for settlement of the case based on all relevant factors.
Accordingly, we conclude that the trial court did not abuse its discretion in finding that the appellant did not aggressively pursue settlement efforts prior to trial, and, accordingly, was not entitled to prejudgment interest.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and JAMES M. PORTER, J., CONCUR.
 __________________________ MICHAEL J. CORRIGAN, JUDGE
[1] The appellee raises one cross-assignment of error which is rendered moot by our disposition of appellant's assignment of error. The appellee's cross-assignment of error states:
 THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT-APPELLEE THE CLEVELAND CLINIC FOUNDATION DID NOT PROPERLY EVALUATE THE RISKS OF THIS CASE AND DID NOT ACT IN GOOD FAITH.
Although the appellee raised a cross-assignment of error, it did not seek a reversal of the order appealed from.