DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Court of Common Pleas, which dismissed the negligent misrepresentation claim raised by appellants, Paul Orshoski and Tevon Orshoski, against appellee, John A. Kocher. Claims against other named defendants remain pending in the trial court. The court, however, expressly noted that there was no
"just cause for delay" thereby rendering its judgment a final, appealable order under Civ.R. 54(B). Because we find that appellants' complaint states a claim upon which relief can be granted, we reverse the judgment of the common pleas court.
Prior to a consideration of the merits of this cause, we must deal with an issue raised in Kocher's brief. Namely, appellee asserts that this court lacks the jurisdiction to entertain the instant appeal because appellants' notice of appeal was untimely filed.
The thirty-day time limit for filing a notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three day period in Civ.R. 58(B). App.R. 4(A). Here, the trial court's judgment was filed and journalized on January 16, 2001. However, the docket sheet shows appellants were not served with a copy of the court's judgment until February 8, 2001. Accordingly, appellants' notice of appeal, filed on March 6, 2001, was timely, and this court does have the jurisdiction to entertain this appeal.
We now turn to the merits of this case. This is the second time that appellants bring an appeal before this court. In our first decision, we determined that the Orshoskis' prefabricated home, which was constructed in four sections in a factory and put together on a foundation in Oak Run subdivision, violated the subdivision's restrictive covenant requiring structures to be built by "stick or panelized construction methods." SeeBrooks v. Orshoski (1998), 129 Ohio App.3d 386 ("Orshoski I").
On August 11, 2000, Paul and Tevon Orshoski filed a complaint in the common pleas court seeking economic damages resulting from Orshoski I. These included the cost of a new lot, the expense of preparing the site for their prefabricated home, the cost of moving the home, the cost of situating the home on the new site, rent while the new place of residence was established and attorney fees awarded to the plaintiffs and other costs incurred in Orshoski I.
Among the claims alleged was a claim of negligent misrepresentation against Kocher, who is the attorney who drafted the restrictive covenants for Oak Run. Appellants maintained that, prior to making an offer to purchase a lot in Oak Run, they were aware of the restrictive covenant mandating the construction of only stick-built and panelized homes in the subdivision. They therefore asked the real estate agent, the son of the owner/developer of Oak Run, whether their prefabricated home would violate the restrictive covenant. The agent, in turn, posed this question to his father, who queried his attorney, Kocher, about the issue. According to the complaint, Kocher informed the owner/developer that appellants' proposed home would not violate the pertinent restriction. The owner/developer related this information to his son, who told appellants that their prefabricated home would not violate the restriction. Appellants assert their justifiable reliance on the misrepresentation made by Kocher directly led to the damages accumulated as a result of Orshoski I.
Kocher filed an answer and, subsequently, a motion to dismiss for failure to state a claim upon which relief could be granted. In his Civ.R. 12(B)(6) motion, Kocher contended that appellants' negligent misrepresentation claim "must be brought in the form of a legal malpractice claim." Kocher then reasoned that because appellants discovered his purported misrepresentation on August 14, 1998, the exact date of our decision, their "malpractice" claim was barred by the one year statute of limitations found in R.C. 2305.11(B)(1). In the alternative, Kocher argued that appellants failed to properly plead a legal malpractice claim.
In their response, appellants noted that their claim was one for negligent misrepresentation, not legal malpractice. They then engaged in an extensive discussion of their ability to pursue a cause of action based upon negligent misrepresentation against an attorney with whom they had no attorney-client relationship. They concluded that because their complaint stated a claim of negligent misrepresentation, the four year statute of limitations found in R.C. 2305.09 was applicable; therefore, appellee's motion to dismiss should not be granted.
Even though the trial court's judgment entry is somewhat confusing, we find that the thrust of that judgment is that appellants have no recourse, under Ohio law, on a claim for negligent misrepresentation. The lower court acknowledged appellants' claim, stating that they alleged that "Kocher committed negligent misrepresentation when, as part of his ongoing relationship with the [owner/developer] as an attorney, Kocher made assertions regarding the construction" of appellants' home. Despite the fact that the court then discussed the prerequisites necessary to maintain a third party negligent misrepresentation claim against an attorney acting in good faith and with the knowledge of his client, the judge apparently decided that appellants' cause of action could only be predicated on legal malpractice. Consequently, the court determined that appellants' claim was precluded by the one year statute of limitations applicable to legal malpractice actions and, therefore, granted the motion to dismiss.
Appellants, Paul and Tevon Orshoski, appeal this judgment and set forth the following "ISSUE PRESENTED FOR REVIEW":
 "The dismissal of Appellants Paul and Tevon Orshoskis' cause of action against Appellee, attorney John Kocher, for negligent misrepresentation under Civil Rule 12(B)(6) was error."
Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo. Hunt v. Marksman Prods. (1995),101 Ohio App.3d 760, 762. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. The court must presume that all factual allegations in the complaint are true and construe all inferences that may be reasonably drawn therefrom in favor of the non-moving party. _Desenco, Inc. v.Akron (1999), 84 Ohio St.3d 535, 538.
Appellants maintain that the trial court erroneously granted Kocher's Civ.R. 12(B)(6) motion. We agree that appellants did not set forth a legal malpractice claim in their complaint; therefore, the one year statute of limitations for such actions is inapplicable. The real question here, and as raised below, is whether appellants' tort claim of negligent misrepresentation against an attorney is a claim upon which relief can be granted.
Traditionally, recovery of economic losses are limited to those that arise from contract negotiations and obligations. Floor Craft FloorCovering, Inc. v. Parma Community General Hosp. Ass'n. (1990),54 Ohio St.3d 1, 8. Therefore, under current Ohio law, and in a vast majority of cases, only a client of an attorney can recover economic damages resulting from improper advice or services provided by the attorney. There is, nonetheless, recourse for those persons who are in privity with the client or when the attorney acts maliciously. Schollerv. Scholler (1984), 10 Ohio St.3d 98, syllabus.
In affirming and following Scholler, the Ohio Supreme Court stated that the rationale underlying this position is clear: An attorney's obligation is to his client and not to the needs of a third party not in privity with that client. Simon v. Zipperstein (1987), 32 Ohio St.3d 74, 76. The court concluded that allowing indiscriminate third party suits against attorneys would create a conflict of interest and produce a chilling effect on the attorney's representation of his client. Id., quoting W.D.G., Inc. v. Mut. Mfg. Supply Co. (Franklin App. 1976), 5 O.O.3d 397, 339-400.
As applied to this cause, appellants argue that as potential purchasers of real estate in Oak Run, they were in privity with the owner/developer. We disagree. In Simon, the Ohio Supreme Court found that a potential beneficiary of an estate did not have a vested interest and was, therefore, not in privity with the attorney who prepared an antenuptial agreement and will for the decedent. Likewise, in this case, the pleadings indicate that appellant had not made any offer to purchase property in Oak Run when the owner/developer sought a legal opinion from his attorney. Thus, as potential purchasers only, appellants were not in privity with that owner/developer. Further, the complaint fails to allege any type of malicious conduct that would justify a departure from the general rule.
Nonetheless, appellants assert that as the intended and known third party recipients of the information provided to the owner/developer by Kocher, they have a viable tort claim for negligent misrepresentation. In order to reach this conclusion, appellants rely upon 3 Restatement of the Law 2d, Torts (1977) Section 552.
 3 Restatement of the Law 2d., Torts (1977) 126-127, Section 552, provides:
 "(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
 "(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
 "(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
 "(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction."
Applying Section 552, a growing number of Ohio courts have demonstrated a willingness to impose tort liability for negligent misrepresentation in the business context, thereby eliminating any requirement of privity. InHaddon View Investment Co. v. Coopers Lybrand (1982), 70 Ohio St.2d 154, the Ohio Supreme Court adopted and relied on Section 552 to find an accountant liable to a third party for negligent misrepresentations in the course of the accountant's professional services. The Haddon court limited recovery to a foreseen plaintiff or to one who is a member of a limited class whose reliance on the defendant's misrepresentation is specifically foreseen. Id. at 155. As in all cases predicated on the legal theory of negligent misrepresentation, the reliance on the misrepresentation must be justifiable reliance. Gutter v. Dow Jones,Inc. (1986), 22 Ohio St.3d 286, 289.
Several other Ohio courts have expanded the application of Section 552 to allow, even in the absence of privity, a tort claim for economic losses. See DeCapua v. Lambacher (1995) 105 Ohio App.3d 203 (recognizing that a party not in privity can bring a claim of negligent misrepresentation in order to impose liability upon a surveyor who negligently sets a boundary line); Bowling Transp., Inc. v. Gregg
(1995), 103 Ohio App.3d 539 (negligent misrepresentation applies to the conduct of an auctioneer in conducting an auction); Lippy v. Soc. Nat'l.Bank (1995), 100 Ohio App.3d 37, 45-46 (bank customer had cause of action in negligent misrepresentation against bank for damages suffered by customer who employed a firm the bank loan officer directed the customer to hire to complete an environmental site assessment, and the firm failed to discover extensive ground contamination); Merrill v. William E. WardIns. (1993), 87 Ohio App.3d 583 (insurance agent may be held liable to intended beneficiaries of policy in the absence of privity where the beneficiaries were member of limited class whose reliance on the information was foreseeable); Sindel v. Toledo Edison Co. (1993),87 Ohio App.3d 525 (customers permitted to bring an action for negligent misrepresentation against electric company to recover for an error in projection of electricity needed in new store location); Perpetual Fed.Savings and Loan Ass'n v. Porter Peck, Inc. (1992), 80 Ohio App.3d 569
(noting that appraisers hired by mortgage broker liable to lender for the negligent performance of their responsibilities even in the absence of privity).
However, Ohio appellate courts, in following the mandates of the Ohio Supreme Court, have declined to extend, absent privity or malice, the right of a third party economically injured by a professional opinion or services rendered to a client by his attorney to maintain a cause of action against that attorney. See Dykes v. Gayton (2000),139 Ohio App.3d 395; American Express Travel Rel. Ser. Co. v. Mandilakis
(1996), 111 Ohio App.3d 160. Nonetheless, our research fails to disclose any cases where these courts were asked to apply Section 552. Our reading of the Restatement, as well as the law in other jurisdictions brings us to the conclusion that in limited situations, a third party may bring an action for negligent misrepresentation against an attorney.
In the last several years, a "significant increase" exists in the number of cases and professional articles dealing with attorney liability to third parties. Flaherty v. Weinberg (App. 1985), 303 Md. 116,492 A.2d 618. See, generally, Annotation, Attorney's Liability, To One Other Than Immediate Client, For Negligence In Connection With Legal Duties (1988), 61 ALR4th 616, 625, Section 2. As early as 1987, Ohio Supreme Court Justice Herbert R. Brown, in his dissent to Simon, stated that the "requirement of privity in a legal malpractice action should be put to a well-deserved burial." Id. at 78. We agree with this opinion. Furthermore, we believe that application of Section 552 will not "open the floodgates" to numerous suits by third parties against attorneys. Section 552(a) limits the group of persons who may bring a negligent misrepresentation claim to those in circumstances in which the attorney who provides the information or opinion is aware of the third party and intends that the third party rely upon the information. McCamish,Martin, Brown Loeffler v. F.E. Appling Interests (1999), 42 Tex. Sup. J., 991 S.W.2d 787, 794. Thus, the third party entitled to bring such a claim is thereby confined only to one directly affected by the attorney's misrepresentation and whose interest is identical to those of that attorney's client.
The elements necessary for a third party to state a claim of negligent misrepresentation under Section 552 against an attorney are the same as in any like action against a professional. As held in Tajan v. Pavia $Harcourt (1999), 257 A.D.2d 299, 304, 693 N.Y.S.2d 544, "the plaintiff must demonstrate that the defendant [attorney] knew that its report or opinion is intended to be used for a particular purpose, that the plaintiff relied on that statement in furtherance of the purpose, that the defendant understands the reliance, that the report or opinion contains a misrepresentation, and the plaintiff suffers damage as a result of reliance on the misrepresentation." See, also, McCamish, Martin, Brown Loeffler v. F.E. Appling Interests, 991 S.W.2d at 792 (Citations omitted.) See, generally, Annotation (1988), 61 ALR4th 616 at Section 12 and (Supp. 2001), Section 12.
Applying this standard to the present case, and presuming all facts stated in appellants' complaint are true, we conclude that appellants stated a claim upon which relief can be granted, namely, a claim for negligent misrepresentation. Specifically, the complaint states that Kocher, with the knowledge of the purpose for which the opinion would be used, informed the owner/developer that a prefabricated home would not violate the deed restrictions, that this was a misrepresentation, that Kocher understood that appellants would rely on the same, that appellants relied on this opinion and that they were damaged as a result of that reliance.
Accordingly, the four year statute of limitations found in R.C.2305.09(D) is applicable to this cause. Kondrat v. Morris (1997),118 Ohio App.3d 198, 206; Chandler v. Schriml (May 25, 2000), Franklin App. No. 99AP-1006, unreported. However, R.C. 2305.09 has not extended the "discovery rule" to actions sounding in negligent misrepresentation.Chandler, supra. Therefore, the statute of limitations began to run at the time appellants purchased the lot in Oak Run. The complaint indicates that the purchase was made in "June of 1997." The complaint was filed on August 11, 2000. Thus, appellants commenced this action before the four year period ran, and their negligent misrepresentation claim is not barred by the relevant statute of limitations.
For all of the foregoing reasons, appellants' sole "issue presented for review," i.e., assignment of error, is found well-taken. The judgment of the Ottawa County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this judgment. John A. Kocher is ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., JUDGES CONCUR.