[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The plaintiffs-appellants, Gary Goddard, in his capacity as administrator of the estate of Derek Goddard and in his individual capacity, and Donna Goddard, have brought this appeal from the order of the Hamilton County Court of Common Pleas, journalized January 23, 2001, denying their motion for prejudgment interest. For the reasons that follow, we affirm the judgment.
On December 1, 1989, Derek Goddard, who was then three years old, died at Children's Hospital Medical Center ("Children's"). His father, Gary, and his mother, Donna, sued Children's, alleging that Derek had died as a consequence of the hospital's negligent treatment of their son. On December 21, 1994, a jury returned a verdict in the Goddards' favor in the sum of $3,000,000. After successive appeals, the judgment and all postjudgment interest was paid.
Motions for prejudgment interest followed and, on January 9, 2001, the trial court conducted an evidentiary hearing on the last of those motions. On January 25, 2001, the court entered its findings of fact and conclusions of law, and, on February 2, 2001, it journalized its entry denying the recovery of prejudgment interest.
The first and second assignments of error are as follows:
 The trial court erred to the prejudice of the appellants when it failed to conduct its [in camera] inspection of appellee's allegedly privileged materials in accord with the Ohio Supreme Court's opinion in Peyko v. Frederick[,] 25 Ohio St.3d 164, 495 N.E.2d 918 (1986).
 The trial court erred to the prejudice of appellants in refusing to grant prejudgment interest under the facts and circumstances of this case.
 We elect to consider these assignments as, essentially, one, because they involve a common question, viz., whether the hospital acted in good faith in an effort to settle the case, within the contemplation of R.C. 1343.03(C) and the decision of the Ohio Supreme Court in Kalain v. Smith (1986), 25 Ohio St.3d 157, 495 N.E.2d 572.
The decision whether a party's settlement efforts indicate good faith is generally within the discretion of the trial court. See Gallimore v.Children's Hosp. Med. Ctr. (Feb. 26, 1992), Hamilton App. Nos. C-890808 and C-890824, unreported. R.C. 1343.03(C), Ohio's prejudgment-interest statute, imposes a civil sanction upon a party for failing to make a good faith effort to settle. See Allen v. Niehaus (Dec. 14, 2001), Hamilton App. Nos. C-000213 and C-000235, unreported. The aim of the statute is to prevent an abuse of the trial process and frivolous delay. See Kalain,supra at 159, 495 N.E.2d at 574.
In its findings of fact, the court determined that Children's had "rationally evaluated its risks and potential liability" in the case, and that the case had "involved complex issues of fact and law * * * [and] issues [concerning] causation and [the] standard of care * * * upon which qualified medical experts on both sides [had] disagreed before and during trial." The court concluded, as a matter of fact, that the hospital had "not unnecessarily delay[ed] bringing th[e] case to trial" and had "not fail[ed] to make a good faith effort to settle."
The gist of the Goddards' response is found in their counsel's testimony, given at the January 9th hearing, that Children's had not cooperated with discovery and had not rationally evaluated its potential liability, and that its eventual offer to settle for $70,000 was an affront to his clients. Counsel testified that he had had "no case in any of [his twenty-three] years of experience with [Children's], that they [had] ever offered anything at any time other than [on] the eve of trial." He asserted that this experience, one he characterized as evidencing Children's "track record" of refusing to settle, had justified his conclusion that any settlement demand from the Goddards would have been a "vain act."
It is clear from the record that the Goddards made no demand for settlement until trial was about to begin, and that the demand then was for $3,000,000. As we read R.C. 1343.03(C), it requires the party seeking prejudgment interest to demonstrate its aggressive prejudgment settlement efforts, as well as its opponent's lack of such efforts. See Sindel v.Toledo Edison Co. (1993), 87 Ohio App.3d 525, 533, 622 N.E.2d 706, 711. Goddard's counsel, testifying as a sworn witness, offered the following in response to an inquiry from the bench into whether there had been a "settlement discussion":
 As the Court may recall, several days into the trial, after the initial right before the trial the Court had inquired as to what plaintiffs demand was, and I think we discussed at that time that we didn't see that it would be fruitful to ask, but the Court asked, so we made a three million dollar demand before the trial started.
 The trial court was entitled to conclude, as it did, from this and other relevant evidence, that the Goddards' failure to make, demonstrably, a good faith effort to settle was based on speculation, viz., that Children's would be as obdurate in their case as their counsel saw it to have been in the past, and that even to suggest a settlement figure would be to perform a vain act. The record pertinent to this issue convinces us that, in reaching its conclusion, the court did not commit an abuse of discretion. Goddard's failure to make a demand upon Children's to settle their case was, in law, fatal to their claim for prejudgment interest. Resultantly, the first and second assignments of error are not well taken and are overruled.
The third assignment is as follows:
 The trial court erred to the prejudice of plaintiffs-appellants in failing to disqualify himself from this case given the history of this matter.
 In support of this assignment, the Goddards argue that, "[w]here a trial court repeatedly demonstrates an attitude toward a party or case that creates the appearance of bias, prejudice or impropriety, the judge should recuse himself from such case in the interests of justice." The assignment is not well taken, because the Goddards' argument is not demonstrated by the record.
A similar claim was rejected by this court in Goddard v. Children'sHosp. Med. Ctr. (2000), 141 Ohio App.3d 467, 751 N.E.2d 1062. The Chief Justice of the Ohio Supreme Court had dismissed such a claim raised by the Goddards' affidavit of bias and prejudice in that matter, and it had not been raised again by any successive affidavit.
Therefore, we overrule the third assignment of error and, accordingly, affirm the judgment of the common pleas court. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.